## MAGGIE RASDELL AND JOHN RASDELL v. H. E. SHUMWAY.

### No. 223.

STATUTE OF LIMITATIONS—*begins to run in favor of one holding mere naked possession of land when knowledge of adverse claim is communicated to owner.* Where, by mistake, the line fence between two lots is put about four feet over the line on one lot, and the lots are thereafter occupied up to said fence by the respective parties, the Statute of Limitations will not begin to run to bar a recovery of said strip until the occupant makes some claim of ownership thereto beyond the naked possession, and notice of said claim is brought to the knowledge of the owner of the legal title thereto.

Error from Atchison District Court. Hon. W. D. Webb, Judge. Opinion filed July 16, 1897. *Affirmed.*

*B. F. Hudson,* for plaintiffs in error.

*Waggener, Horton & Orr,* for defendant in error.

WELLS, J. On the fourteenth day of March, 1873, Maggie Rasdell, the plaintiff in error, bought lots 10 and 11 in block 26 in the city of Atchison, according to the recorded plat of that city. On the second day of November, 1874, Nettie Gould, the grantor of the defendant in error, bought lot 12 in the same block. At the last-mentioned date they were the respective owners. These lots were shown by the recorded plat of the city to be 45 feet east and west, and 150 feet north and south. Some time previous to the last-mentioned date, a fence was built by the former owners around lots 11 and 12, and a fence was also intended to be built on the line between them; but, by mistake, the fence was built off the true line and on lot 12. At the north end it was four feet and two inches, and on the south end four feet and one inch, from the line, so that

46       RASDELL v. SHUMWAY.

N. Dept.      Opinion.   Wells, J.      6 Kan. App.

there was included in the one inclosure lot 11 and at the south end four feet and one inch of lot 12, and at the north end four feet and two inches of lot 12. The fence was built with no intention of changing the true line between the lots. The plaintiff in error did not know that the fence was not upon the true line between the lots, or if she did know it she did not convey the knowledge to any other person. About the twenty-sixth day of March, 1891, Nettie Gould sold lot 12 to the defendant in error, and at the time this action was brought the record showed a perfect title to lot 11 in the plaintiff in error, Maggie Rasdell, and a perfect title to lot 12 in the defendant in error, H. E. Shumway. Maggie Rasdell has been in the continuous possession of lot 11 and the strip off from lot 12 ever since she purchased lot 11, on March 14, 1873.

This action was brought in the court below by the defendant in error, H. E. Shumway, to recover possession of the strip of land hereinbefore described. The court made findings of fact from which the foregoing statement of the case is extracted, and also made conclusions of law to the effect that the plaintiff below, the defendant in error, was entitled to the possession of said strip. The defendant below excepted to the findings of fact and the conclusions of law, asked additional findings of fact, which were refused, and also asked to set aside certain findings of fact, which was also refused. A motion for a new trial was made and overruled, and the case is brought here for review.

The plaintiff in error alleges various errors in the proceedings of the court below, but the principal question before us is: Can a party in the possession of land without any right thereto except the naked possession, hold the same as against the lawful and rightful owner by proving twenty years of actual and

open possession?   The plaintiff in error contends that
the evidence shows that the possession was continuous,
and under a claim of ownership.   But, as the evidence
was conflicting upon this point and the court found
otherwise, under the well-settled practice we cannot
weigh the evidence but must take the findings of fact
as conclusive.

We have examined with great care all the evidence in
the case.   If the plaintiff can recover, it is purely and
simply because there was a mistake as to the bound-
ary line, under which mistake she and her grantors
took possession, and have ever since held possession,
of the strip of land in question.   The plaintiff in er-
ror in the court below testified that she had always
claimed to own to the fence, and beyond the bound-
ary line of lot 11.   But the court found that she had
made no such claim, and, if she had any purpose to do
so, she had never communicated it until a very short
time previous to the beginning of this action.   We
think the true rule in this case — one that is in accord
with equity and good conscience — is correctly stated
in the American and English Encyclopedia of Law,
(vol. 1, p. 251), as follows :   "Where the entry is
permissive the statute will not begin to run against
the legal owner until an adverse holding is declared
and notice of such change is brought to the knowl-
edge of the holder of the legal title."

Under this rule, if Mrs. Rasdell had formed the in-
tention to permanently hold that part of the land in
question, and even communicated such intention to
her husband and other intimate friends, but did not
communicate it to the owner of the legal title, she
cannot claim it by reason of her possession only.

The judgment of the court below is affirmed.