Conrad v. Sackett.

---

### ABRAM CONRAD v. JOHN H. SACKETT.

#### No. 448.

1. EJECTMENT—*Evidence Examined.* The objectionable evidence set forth, and its admission by the trial court held not to be error.

2. ——— *Record Examined—Instructions.* The record examined, and sufficient evidence found on which to base the instruction complained of.

3. LIMITATION OF ACTION—*Possession of Real Estate—Adverse Claim.* Where a strip of land is owned by one party, and inadvertently or by mistake it is in the possession of another, "the statute of limitations will not begin to run to bar a recovery of the strip until the occupant makes some claim of ownership thereto beyond the naked possession, and notice of said claim is brought to the knowledge of the owner of the legal title thereto." (*Rasdell v. Shumway*, 6 Kan. App. 45, 49 Pac. 631.)

Error from Cowley district court; A. M. Jackson, judge.   Opinion filed March 20, 1899.   Affirmed.

*McDermott & Johnson,* for plaintiff in error.
*S. E. Fink,* for defendant in error.

The opinion of the court was delivered by

Schoonover, J. :   This is an action to recover the possession of a certain strip of land 160 rods long and about nine rods wide at one end and four rods wide at the other.   The defendant in error, plaintiff below, is the owner of the southeast quarter of section 12.   The plaintiff in error, defendant below, is the owner of the northeast quarter of section 13.   The question tried was, In which quarter is the strip located? Counsel for plaintiff in error in their brief say :

"Mr. Sackett owns the southeast quarter of section 12, and claims that this strip is a part of his quarter and that he is entitled to immediate possession of it; Mr. Conrad owns the northeast quarter of section 13, and he and his grantors have been in possession of it, including the strip of land in dispute, for more than twenty years prior to the commencement of this action."

The first contention is that the court erred in permitting a witness to give his opinion as to what quarter-section of land the disputed strip belonged.   The general rule is that the opinions of witnesses are not receivable as evidence.   This court has said : "When ownership is a material and ultimate fact to be determined in an action, and is controverted upon the trial, witnesses should testify to the particular facts within their knowledge which bear upon such question, and not give their mere opinions and conclusions thereon."

(*Brown v. Cloud County Bank*, 2 Kan. App. 352, 42 Pac. 593.)

The witness had been employed in the government survey and had served a term as county surveyor. He had established one of the lines in dispute, and the question asked was : "What do you say as to in what section that portion of land belongs that lies between that hedge and the line that you established ; in what section is it?" His answer was, "In section 12." The witness stated only that, according to the line *he established*, the land is in section 12. The admission of the evidence was not sufficient to require a reversal.

It is further contended that there was no evidence in the case on which to base the following instruction :

"It is also admitted in this case that this defendant has been in possession of this tract or parcel of land, and his grantors, for more than fifteen years before the commencement of this suit, claiming to own the same, adverse to the rights of the plaintiff ; and if you should believe from the evidence in this case that this defendant and his grantors have been in open, notorious and adverse possession of said tract or parcel of land, claiming the same, for more than fifteen year before the commencement of this suit, then, in that event, it would be your duty to find for the defendant in this case, notwithstanding the fact you might believe that under a proper and legal survey this tract or parcel of land would belong to the plaintiff ; but, upon the other hand, if you believe from the evidence in this case that this tract or parcel of land is included in the quarter-section of land as owned by the plaintiff, and that this defendant took possession of said tract or parcel of land by mistake or inadvertently, not intending to claim any more than was called for in his deed, and not intending to extend beyond his boundary line, and that his true boundary line did not include this strip, then, in that event, it would be your duty to find for the plaintiff in this

case, as the action would not be barred by the statute of limitations.''

From an examination of the record, we are satisfied that there is sufficient evidence to justify the court in giving the instruction to the jury. The evidence is slight, but sufficient to bring the case within the doctrine stated in *Winn v. Abeles*, 35 Kan. 85, 10 Pac. 443, and *Rasdell v. Shumway*, 6 Kan. App. 45, 49 Pac. 631.

There are other objections presented but they are not sufficient to reverse the case. The judgment of the district court is affirmed.