## NORTHERN DEPARTMENT—CENTRAL DIVISION. OCTOBER TERM, 1895.

N. B. BROWN *et al.* v. THE CLOUD COUNTY BANK *et al.*
NO. 16.

1. LIMITATION OF ACTIONS—*Relief for Fraud.* The statutory limitation of the time within which "an action for relief on the ground of fraud" must be commenced only applies when the party against whom the bar of the statute is interposed is required to allege fraud in pleading his cause of action or to prove fraud to entitle him to relief.

2. WITNESSES—*Evidence—Opinions.* When ownership is a material and ultimate fact to be determined in an action, and is controverted, upon the trial the witnesses should testify to the particular facts within their knowledge which bear upon such question, and not give their mere opinions and conclusions thereon.

MEMORANDUM.—Error from Cloud district court; F. W. STURGES, judge. Action by N. B. Brown and John C. Elliott, partners as N. B. Brown & Co., against The Cloud County Bank, of Concordia, as garnishee. Helen Roberts filed an interplea. Verdict and judgment for the interpleader. Plaintiffs bring the case here. Reversed. The opinion herein, filed November 11, 1895, states the material facts.

*Sheafor & Savary*, and *Charles L. Botsford*, for plaintiffs in error.

*Theodore Laing*, for defendant in error Helen Roberts.

The opinion of the court was delivered by

GARVER, J.: Various errors are assigned in this case by the plaintiffs in error, but the only one which

we deem of sufficient importance to consider at any length is that based upon the action of the court in directing the jury to return a verdict against plaintiffs in error, who were plaintiffs below. The verdict was so directed on the ground that the plaintiffs' cause of action was virtually one for relief on the ground of fraud, and, as more than two years had elapsed since the fraud was committed, the bar of the statute of limitations precluded any recovery. The question this court has to consider is : Is this a case to which applies the statute limiting the time for commencing "an action for relief on the ground of fraud"? The facts are these : N. B. Brown & Co., plaintiffs in error, obtained a judgment in the district court of Cloud county, on April 29, 1881, for $310.70 against S. J. Roberts. On April 27, 1886, an execution was issued and returned "No property." By proceedings in garnishment, instituted December 3, 1888, certain money deposited in the name of S. J. Roberts in the Cloud County Bank was attached as his property. Helen Roberts, wife of S. J. Roberts, filed an interplea, claiming to be owner of the money, upon which issue was joined and a trial had before the court and a jury. On the part of the plaintiffs, evidence was introduced tending to show that the money attached was the property of S. J. Roberts, and that any claim made thereto by his wife was a mere sham and pretense for the purpose of defrauding creditors. On the other hand, Helen Roberts introduced evidence tending to show that on or about April 25, 1881, four days before the judgment was rendered, S. J. Roberts conveyed to his father, Joshua Roberts, his farm and personal property, consisting of 7 horses and colts, 4 cows and calves, 45 hogs and pigs, 400 bushels of corn, and farming implements—being all the property

he had—in payment of an existing indebtedness of S. J. Roberts to his father, and that a short time thereafter Joshua Roberts executed conveyances of the property to her. The evidence further tended to show that there was no actual change of possession of any of the property; that S. J. Roberts continued in charge and management of the business as he had been before such conveyance was made; and that the money in the bank was the proceeds of hogs sold by him from the farm a few days before the summons in garnishment was issued, which were claimed to be derived from the property conveyed to Helen Roberts. The court held that the plaintiffs were barred by the two-years statute of limitations from questioning the alleged ownership in the money attached, and directed a verdict for the interpleader.

In thus taking the case from the jury and directing a verdict we think the court erred. This cannot be considered a proceeding on the part of the plaintiffs to set aside, on the ground of fraud, the transfer of property alleged to have been made to Helen Roberts in 1881. The contention of plaintiffs is, that in fact and in law there was no transfer, and that the claim of Helen Roberts, now asserted to this money, is a mere sham and pretense, which cannot successfully cloak itself with a fabric woven out of former frauds. The gist of this contention is over the existence of a present fact, the ownership of the attached money, and former transfers and transactions only come incidentally into the case. This limitation applies in express terms to "an action for relief on the ground of fraud." This cannot be held to apply to every case wherein a fraudulent transaction may be, either directly or incidentally, inquired into. It must be a case where the party against whom the statute is

urged as a bar is seeking relief to which he claims himself entitled because of the fraud of the opposite party. In other words, the fraud must be a part of the substantive cause of action on which the right to relief is founded, and without which no cause of action exists. (*Jackson v. Plyler*, 38 S. C. 496; *Vanduyn v. Hepner*, 45 Ind. 589; *Detwiler v. Schultheis*, 122 id. 155.)

The plaintiffs do not base their proceedings on fraud, but attach the property simply upon the fact, as contended, that it is the property of the judgment debtor. The question of fraud comes into the case only because the interpleader lays claim to the money attached, and, as evidence of her ownership, endeavors to show that it is the outgrowth of other property transferred to her in 1881, which transfer, it is contended, cannot be attacked for fraud, because of the lapse of more than two years. Under the testimony, and for the purpose of this case in this court, we must take it as proven that the claimed transfer to Helen Roberts in 1881 was made with intent to defraud creditors, and it must therefore be deemed "utterly void and of no effect." (Gen. Stat. 1889, ¶ 3162.) The transfer to Joshua Roberts, being "unaccompanied by an actual and continued change of possession," must also be deemed to be void, unless it is shown to have been made in good faith and on sufficient consideration. (Gen. Stat. 1889, ¶ 3163.) The good faith and the sufficiency of the consideration were, under the testimony, disputed questions to be determined by the jury, and, until determined in favor of those claiming under such conveyances, the transactions rest under the condemnation of the law. Lapse of time is of no avail to one who invokes such fraudulent and void acts to his aid. Were the plaintiffs seeking by a direct action to be

relieved from the effects of these conveyances, by having them declared fraudulent and having them set aside by the judgment of the court, they would be confronted by this statute of limitations.

Before closing this opinion we will refer briefly to the ruling of the court in the admission of testimony over the plaintiffs' objection. Witnesses were allowed to give their opinions as to the ownership of the property in controversy. The ownership of the money, at the time it was attached, and of the property from which it was derived, was the specific subject of inquiry on the trial, and was a matter fairly disputed, and for determination by the jury. As such ownership was the ultimate fact to be determined by the jury, the witnesses should not have been permitted to testify directly to that fact. Such testimony was, under the circumstances, merely the giving of their opinions and conclusions. They should have stated the facts, and the jury should have drawn the conclusions.

The judgment will be reversed, and the case remanded for a new trial.

All the Judges concurring.