Points Decided.

(June 28, 1917.)

# MAGGIE A. BATES, Respondent, v. W. W. PAPESH, Appellant.

[166 Pac. 270.]

HUSBAND AND WIFE — SEPARATE PROPERTY — BONA FIDE TRANSFER — PREFERENCE—ACTION TO QUIET TITLE.

1. A wife, who loans the proceeds of her separate property to her husband, becomes one of his creditors, and her rights as such are governed by the same legal principles as the rights of any other creditor.

2. Whenever there is a true debt and a real transfer for an adequate consideration, there is no collusion, and fraud in its legal sense cannot be predicated thereon, even though the transfer result in a preference; nor does the fact that the creditor obtaining the preference is the debtor's wife operate to change or modify the rule.

3. B. and his wife while living in Montana made an agreement that the wife's earnings should be her separate property. These earnings she invested in cattle and horses, which were sold, B. retaining part of the proceeds of the sale and giving his wife his promissory note therefor, which was always treated by the parties as the wife's separate property. Afterward they moved to Idaho, and B. borrowed money of two different banks with which to buy a lot and build a house, giving his notes therefor. Subsequently he deeded this realty to his wife in payment of his note to her, the amount of which was substantially the value of the property. Some time thereafter the bank notes were reduced to a judgment, the lot attached and sold on execution to P. B.'s wife sued to quiet title.

*Held,* under the facts stated, that the note from B. to his wife was her separate property, making a *bona fide* creditor of her husband, subject to preference the same as any other creditor.

[As to conveyances and contracts between husband and wife, see note in 99 Am. Dec. 599.]

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. William W. Woods, Judge.

Action to quiet title. Judgment for plaintiff. *Affirmed.*

James A. Wayne, for Appellant.

Lot 18 having admittedly been acquired during the existence of the marriage relationship between Bates and his wife, is presumed to be community property. (*Douglas v. Douglas,* 22 Ida. 336, 125 Pac. 796; *Humbird Lbr. Co. v. Doran,* 24 Ida. 507, 135 Pac. 66; *Chaney v. Gauld Co.,* 28 Ida. 76, 152 Pac. 468.)

Property purchased with borrowed money is community property. (*Northwestern etc. Bank v. Rauch,* 7 Ida. 152, 61 Pac. 516.)

The conveyance from Bates to his wife was made for the purpose, and with the intent, and had the direct effect of defrauding the creditors of the husband, to wit, the defendant in this case who had acquired the notes of both the creditor banks. (20 Cyc. 439.)

The deed from John L. Bates to Maggie A. Bates recites a fictitious consideration, which is in itself evidence of fraud. (20 Cyc. 441, and cases cited.)

When a conveyance of land is made by an insolvent debtor to one of his creditors in satisfaction of an antecedent debt and is attacked by other creditors of the grantor, the grantee must show that the consideration for it was both valuable and adequate. (*Mobile Savings Bank v. McDonnell,* 89 Ala. 434, 18 Am. St. 137, 8 So. 137, 9 L. R. A. 645; *Humes v. Scruggs,* 94 U. S. 22, 24 L. ed. 51.)

And this is doubly true when the antecedent creditor happens to be the wife of the grantor in the deed. (*Potts v. Rubesam* (Okl.), 156 Pac. 356; *Bank of Orofino v. Wellman,* 26 Ida. 425, 143 Pac. 1169.)

Chas. E. Miller, for Respondent.

Where property was purchased by a married woman in a foreign state and under the laws of that state such property became her separate property, and the property is thereafter brought into the state of Idaho, it will continue to be the separate property of the wife. (*Gooding Milling etc. Co. v. Lincoln County State Bank,* 22 Ida. 468, 126 Pac. 772.)

When the husband relinquishes to the wife all claim to her separate earnings, no creditor complaining of that act, such gift on the part of the husband is absolute. (*Jackson v. Torrence,* 83 Cal. 521, 23 Pac. 695; *Douglas v. Douglas,* 22 Ida. 336, 125 Pac. 796.)

The state insolvency law having been superseded by the federal bankruptcy act, there is no law in this state prohibiting the preference of one creditor over another in the absence of collusion and fraud. (*Capital Lbr. Co. v. Saunders,* 26 Ida. 408, 143 Pac. 1178; *Wilkerson v. Aven,* 26 Ida. 559, 144 Pac. 1105.)

BUDGE, C. J.—This action was brought by respondent, Maggie A. Bates, for the purpose of quieting title in her to lot 18, block 4, Sunnyside addition to the city of Kellogg, Shoshone county. Appellant filed an answer and cross-complaint setting up an interest in the property adverse to respondent, under a purported sheriff's certificate of sale on execution to satisfy a judgment against respondent, John L. Bates, and alleging that he was the owner of the property, subject only to the right of redemption in the latter. And further alleging that the lot was purchased by John L. Bates on the 9th of October, 1913, from one Clarence C. Plemmons for the sum of $160, which was loaned to Bates for that purpose by the First State Bank of Kellogg, the bank taking his promissory note therefor; that about April 1, 1914, Bates entered into an oral contract with one Bellinger for the construction of a frame dwelling-house upon the lot; that during the period of construction a consignment of materials arrived and that in order to take up the bill of lading, so as to enable him to have the materials delivered, Bates borrowed $105 from the Weber Bank of Wardner, giving his promissory note therefor; that all payments upon the contract with Bellinger were made by John L. Bates except the sum of $50.14; that the note to the First State Bank of Kellogg was renewed several times but that neither this note nor the one to the Weber Bank had ever been paid; that on the 11th day of December, 1914, Bates attempted by deed to convey the property to

Maggie A. Bates, his wife; that said conveyance was without consideration and was made ''for the purpose and with the intent of hindering, delaying. and defrauding the creditors of the said John L. Bates from collecting their indebtedness against the said John L. Bates, and particularly for the purpose of defrauding the owners of said promissory notes''; that the notes had been assigned to appellant, who brought suit against Bates February 12, 1915; that in this suit judgment was recovered against Bates and on March 18, 1915, execution was issued and placed in the hands of the sheriff of Shoshone county, the property having been theretofore attached in the action, and the property was on April 17, 1915, sold at sheriff's sale, under said execution, to appellant, and asked to have Bates made a party plaintiff in the action.

Respondent, Maggie A. Bates, answered the cross-complaint, putting in issue the material allegations thereof and alleging affirmatively that the property had been sold and transferred to her by her husband in payment of a note for the sum of $700, which note had theretofore been given to her by her husband for a loan of money which was the proceeds from a sale of her separate property and a valid and existing debt from her husband. John L. Bates filed a separate answer to the cross-complaint to the same effect.

The case was tried before the court without a jury. The court found, among other things, that the $700 note represented a valid and subsisting indebtedness owing from Bates to his wife and was her separate property; and that the transfer of the lot to Mrs. Bates was not made to hinder, delay or defraud creditors, and gave her judgment, as prayed in her complaint. A motion for a new trial was overruled and this appeal is from the judgment and from the order overruling the motion for a new trial.

The record shows that the property was purchased and a house built thereon, as alleged in the pleadings; that the notes given for the purchase price of the lot and the materials were not paid at the time of the transfer of the property from Bates to his wife; that in 1903 respondents, as husband and wife, were employed on a ranch in Montana as foreman and

cook and housekeeper, respectively; that there was an agreement between them that whatever Mrs. Bates should earn by her own labor should be her separate property; that she invested her earnings in horses and cattle and that these, with their increase, were sold along with the rest of the herd, which the family had accumulated, shortly before respondents came to Idaho; that from the sale of the horses and cattle belonging to Mrs. Bates something over $1,000 was realized; that a portion of this sum was allowed to the husband for his services in connection with the care of the stock and that he gave the $700 note to her for the balance, while they were still residing in Montana; that this note was in existence and unpaid at the time the property in question was transferred, and that in consideration for the transfer of the property she canceled the note and surrendered it to her husband; that the indebtedness represented by this note had been treated at all times by them as her separate property, both before and after coming to Idaho, and was a valid and existing debt long prior to the time that the indebtedness due the bank was incurred. The evidence further shows that it is undisputed that this note represented the proceeds from the sale of her separate property; that the property, at the time it was transferred to her, was worth eight or nine hundred dollars; and that at the time of the sheriff's sale Mrs. Bates' attorney appeared in her behalf, and before the property was struck off notified the sheriff and the purchaser that the property belonged to her. While there is some evidence which tends to show that Bates was seeking to prevent the First State Bank of Kellogg from satisfying its claim against him, there is abundant evidence to support the finding of the court that Mrs. Bates was a *bona fide* creditor of her husband to the extent of the $700 expressed in the note, and that the transfer was not made to hinder, delay or defraud creditors.

The rule in such cases has been recently announced by this court as follows: "We think the rule to be that wherever there is a true debt and a real transfer for an adequate consideration, there is no collusion, and that fraud in its legal sense cannot be predicated on such a transaction. . . . . "

(*Pettengill v. Blackman, ante,* p. 241, 164 Pac. 358–62.) Whatever his motive may have been, under such circumstances, Bates had a right to prefer any *bona fide* creditor. (*Wilson v. Baker Clothing Co.,* 25 Ida. 378, 137 Pac. 896, 50 L. R. A., N. S., 239; *Capital Lumber Co. v. Saunders,* 26 Ida. 408, 143 Pac. 1178; *Pettengill v. Blackman, supra.*) Nor does the fact that one of his creditors happened to be his wife, operate to change or modify the rule. As was said in *Wilkerson v. Aven,* 26 Ida. 559–64, 144 Pac. 1105: "If the husband borrowed money from the wife, we fail to understand why he would not have as valid a right to pay her the money borrowed as he would to pay any of his creditors. . . . . "

In this view, under the facts as found by the trial court, it cannot be said that there was any error in refusing to grant a new trial. The judgment is affirmed. Costs awarded to respondent.

Morgan, J., concurs; Rice, J., dissents.