(February 5, 1923.)

EVA P. LITTLER, Respondent, v. JOHN T. JEFFERIS, Sheriff, Appellant.

[212 Pac. 866.]

HUSBAND AND WIFE—SEPARATE PROPERTY—EVIDENCE—VERDICT.

1. A wife who loans the proceeds of her separate property to her husband becomes one of his creditors, and her rights as such are governed by the same legal principles as the rights of any other creditor.

2. *Held,* that there is sufficient competent evidence in the record to sustain the finding of the jury to the effect that the automobile levied upon was the separate property of the wife and not the separate property of the husband or community property, and that there had been an immediate delivery and continued change of possession thereof from the husband to the wife.

APPEAL from the District Court of the Seventh Judicial District, for Payette County. Hon. B. S. Varian, Judge.

Action in replevin. Judgment for plaintiff. *Affirmed.*

G. W. Lamson, for Appellant.

If respondent obtained title it was conveyed to her by her husband and was void as to his creditors, because there was no immediate delivery or a complete change of possession. (C. S., sec. 5434; *Ahlstrom v. Tage,* 31 Ida. 459, 170 Pac. 921.)

The title was permitted by respondent to rest in her husband and the respondent is estopped to assert and claim her title as against a creditor of her husband who had extended credit by reason of such fact. (*Chaney v. Gauld Co.,* 28 Ida. 76, 152 Pac. 468.)

Ira W. Kenward, for Respondent.

The husband of respondent had a right to make of her a preferred creditor. A wife who loans her husband her separate funds thereby becomes a creditor of her husband, and her rights as such are governed by the same legal principles as other creditors. The house and lots having been procured with the separate funds of the wife, they were her separate property, even though the legal title might be held by the husband. (*Wilkerson v. Aven,* 26 Ida. 559, 144 Pac. 1105; *Chaney v. Gauld Co.,* 28 Ida. 76, 152 Pac. 468; *Bates v. Papesh,* 30 Ida. 529, 166 Pac. 270.)

BUDGE, C. J.—This action is one in claim and delivery to recover a certain automobile and damages for its unlawful detention. The cause was tried to a jury and resulted

in a verdict for respondent, upon which judgment was entered. This appeal is from the judgment and from an order denying a motion for a new trial.

The only error assigned that requires consideration is that the evidence is insufficient to sustain the verdict. The facts are substantially as follows: The automobile in question was levied upon under writ of attachment issued out of the probate court of Canyon county in the case of *Stone Lumber Co. v. F. L. Littler,* the defendant being respondent's husband. At that time respondent claimed to be the owner of the same in her own right and entitled to its possession. At the date of her marriage to F. L. Littler in July, 1912, by her own labor, respondent had accumulated $1,400. A few days after her marriage her husband gave her an additional $1,000. In 1917 her husband purchased a planing-mill at Nampa and borrowed from respondent $2,400, which he invested in that business. During the time he was operating the planing-mill at Nampa he entered into a contract with the Nampa Investment & Trust Company for the purchase of two city lots. This contract was made in his name, but was for the benefit of respondent and was purchased with and partially paid for out of the proceeds of the planing-mill business. The amount paid was, by mutual agreement, deducted by respondent from the moneys owing to her from her husband. A house was constructed upon one of the lots by respondent. The labor in its construction was done by her husband, and as wages for such labor, respondent gave him credit upon his indebtedness. The monthly payments made by him on the lots, according to the purchase contract, were also credited upon his indebtedness to respondent. After the completion of the house, but prior to the making of the final payments upon the lots, the house and the contract for the purchase of the lots were sold to one John Stevens, who, in payment therefor, delivered the automobile in question, made a small payment in cash and entered into a new contract with the Nampa Investment & Trust Company, wherein he assumed the balance due on the property. There

is testimony to the effect that upon the conclusion of the transaction between Stevens and the Littlers the respondent took over the automobile and credited her husband therewith. There is no dispute that respondent, at the date of her marriage, had $2,400 which was her separate property; that she loaned this amount to her husband and that he sought to repay her by purchasing the lots and building the house thereon and, upon the sale of the house and lots, by delivering to her the automobile.

The question of the ownership of the automobile at the time of the levy and seizure by the sheriff was squarely submitted to the jury by the trial court in the following instruction:

"You are instructed that if you find from the evidence that on August 23, 1920 *(which was the date on which the automobile was levied upon)*, the automobile in question was the community property of F. L. Littler and Eva P. Littler, or was the separate property of F. L. Littler, or if the automobile was purchased by or given to Eva P. Littler by F. L. Littler without a complete change of possession, the defendant was lawfully in possession and your verdict will be for the defendant."

Under this instruction, by their verdict, the jury found that the automobile was the separate property of the respondent and not the separate property of F. L. Littler or the community property of F. L. Littler and respondent, and that there had been an immediate delivery and continued change of possession thereof from F. L. Littler to the respondent. We are of the opinion that there is sufficient competent evidence to sustain this finding.

In the case of *Bates v. Papesh*, 30 Ida. 529, 166 Pac. 270, it is held that:

"A wife, who loans the proceeds of her separate property to her husband, becomes one of his creditors, and her rights as such are governed by the same legal principles as the rights of any other creditor. Whenever there is a true debt and a real transfer for an adequate consideration, there is no collusion, and fraud in its legal sense cannot

be predicated thereon, even though the transfer result in a preference; nor does the fact that the creditor obtaining the preference is the debtor's wife operate to change or modify the rule."

As was said in *Wilkerson v. Aven,* 26 Ida. 559, 564, 144 Pac. 1105:

"If the husband borrowed money from the wife, we fail to understand why he would not have as valid a right to pay her the money borrowed as he would to pay any of his creditors."

From what has been said it follows that the judgment below must be affirmed and it is so ordered. Costs are awarded to respondent.

McCarthy and Wm. E. Lee, JJ., concur.