(October 3, 1923.)

BANNOCK NATIONAL BANK, a Corporation, Respondent, v. AUTOMOBILE ACCESSORIES COMPANY, a Corporation, W. W. WHITE, ANCY SULLIVAN and D. D. WHITE, Defendants; ELEANOR M. SULLIVAN, Intervenor and Appellant.

[219 Pac. 200.]

HUSBAND AND WIFE—SEPARATE PROPERTY—PRESUMPTION—BURDEN OF PROOF.

   1.   The presumption is that all property acquired by either spouse during the marriage is community property and the burden rests upon the one who asserts it to be separate property to establish such fact by a preponderance of the evidence.

   2.   The presumption of community property, under the facts of this case, *held* to be sufficiently overcome, where a husband, out of his separate property, being free from debt, purchased a house and lot, the deed being made in the name of the wife and accepted by her in payment of a debt due and owing from her husband, the debt being incurred prior to their marriage.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Robert M. Terrell, Judge.

Action to recover money held under attachment. Judgment for plaintiff. *Reversed.*

Geo. C. Huebener, for Appellants.

The burden is upon the person who asserts the character or status of property to show it by a preponderance of the evidence. (*Humbird Lumber Co. v. Doran,* 24 Ida. 507, 135 Pac. 66; *Clifford v. Lake,* 33 Ida. 77, 190 Pac. 714.)

We have no law in Idaho which prohibits a woman from loaning to the man whom she later marries. (*Bank of Orofino v. Wellman,* 26 Ida. 425, 143 Pac. 1169.)

Where with the knowledge and acquiescence of the husband a conveyance is made to the wife, in pursuance of a common understanding and intent that the property shall vest in her, as between her and her husband and all parties with notice, the property will be her separate property. (21 Cyc. 1640; *Wright v. Wright,* 5 Cal. Unrep. 119, 41 Pac. 695; *Ullman v. Jasper,* 70 Tex. 446, 7 S. W. 763; *Baker v. Baker,* 55 Tex. 577; *Peters v. Clements,* 46 Tex. 114; *Hatchett v. Conner,* 30 Tex. 104.)

It was purely a repayment of money loaned to him with interest, and unless there is evidence, or even a presumption, tending to show that fraud was being practiced on creditors of the husband existing at the time of such purchase, the presumption that it is community property is rebutted and the presumption that it is her separate property must prevail. (*Bank of Orofino v. Wellman, supra; Moody v. Beggs,* 33 Ida. 535, 196 Pac. 306.)

The presumption that it is community property may be rebutted by the party who asserts that status by a preponderance of evidence. (*Jacobson v. Bunker Hill etc. Co.,* 3 Ida. 126, 28 Pac. 396; *Stowell v. Tucker,* 7 Ida. 312, 62 Pac. 1033; *Stewart v. Weiser Lumber Co.,* 21 Ida. 340, 121 Pac. 775; *Douglas v. Douglas,* 22 Ida. 336, 125 Pac. 796.)

White & Bentley, for Respondent.

Property acquired by purchase during coverture is ordinarily presumed to vest in the community regardless of

whether the conveyance is made to the husband or to the wife, or to both.   (5 R. C. L. 836; 21 Cyc. 1640, 1641.)

The burden of proof rests upon the party who asserts it is separate property to show such fact by a preponderance of evidence.   (*Clifford v. Lake,* 33 Ida. 77, 190 Pac. 714; *Chaney v. Gauld & Co.,* 28 Ida. 76, 152 Pac. 468.)

The law requires clear and satisfactory proof of indebtedness between husband and wife.   The secret agreement between husband and wife under which she was to have the property cannot prevail as against creditors.   (*Harrison v. Tourtellott,* 148 Ill. App. 576.)

BUDGE, C. J.—The original action was one between the Bannock National Bank and the Automobile Accessories Company, W. W. White, Ancy Sullivan, and D. D. White.   The intervention was based upon the claim of Eleanor M. Sullivan that a sum of money attached in the original action as the property of Ancy Sullivan, her husband, was her separate property.   The cause was tried to the court sitting without a jury and judgment was awarded against appellant, holding that the money in controversy was community property and therefore subject to the judgment entered against the husband of appellant.   From this judgment this appeal is taken.

The record discloses the following facts:  Ancy Sullivan owned a homestead entry prior to his marriage to Eleanor M. Sullivan.   Thereafter he sold the homestead, receiving in part payment therefor certain notes aggregating approximately $2,500, which were secured by a mortgage.   Prior to the marriage appellant loaned to her husband certain sums of money from her separate property.   On June 2, 1915, the loans with the interest aggregated approximately $2,600.   At this time appellant and her husband were considering purchasing a home in Pocatello and talked to one D. W. Church in regard thereto.   Mr. Church, an officer of respondent bank, owned a house and lot which he desired to sell, which appellant and her husband inspected, found the same satisfactory and agreed to buy at a price of $2,500.   At the time

this deal was consummated Mr. Church had knowledge of the money owing by Ancy Sullivan to his wife, and agreed to accept the notes and mortgage owned by Ancy Sullivan, which he received in payment for his homestead, in payment for the house and lot. It was also understood that the deed to the house and lot should be made out to Eleanor M. Sullivan as her sole and separate property and that Ancy Sullivan's debt to her should be paid in this manner. The deal was consummated on those terms on June 2, 1915, and the deed was made to appellant. The notes which form the basis of the original action were not made until May 9, 1917, almost two years after the execution of the deed. Some time later a contract of sale of the house and lot was entered into between appellant and one Kooken, through the agency of C. W. Gray, a real estate agent, whereby it was understood that payments made by Kooken on the purchase price were to be made to appellant through C. W. Gray. At the time of the commencement of the original action certain payments made under the contract of sale were attached in the hands of C. W. Gray, which appellant contends were her separate property and not subject to attachment for debts of her husband. C. S., sec. 4656, provides that:

"All property of the wife owned by her before marriage, and that acquired afterward by gift, bequest, devise or descent, or that which she shall acquire with the proceeds of her separate property, shall remain her sole and separate property, to the same extent and with the same effect, as the property of a husband similarly acquired."

The presumption is that all property acquired by either spouse during the marriage is community property and the burden rests upon the one who asserts it to be separate property to establish such fact by a preponderance of the evidence. (*Clifford v. Lake,* 33 Ida. 77, 190 Pac. 714.) We think that this presumption was sufficiently overcome by appellant. It is uncontradicted that appellant made various loans to her husband before and subsequent to the marriage; that at the time of the purchase of the house and lot

Ancy Sullivan was free from debt; that Ancy Sullivan owed appellant approximately $2,600 at the time the deed was given, and that the property was conveyed to her in payment of the debt. The payment of a debt by the husband to the wife is a legitimate transaction and one that the law permits. In the case of *Wilkerson v. Aven*, 26 Ida. 559, 564, 144 Pac. 1105, 1107, it was said: "If the husband borrowed money from the wife, we fail to understand why he would not have as valid a right to pay her the money borrowed as he would to pay any of his creditors." And also in the case of *Bates v. Papesh*, 30 Ida. 529, 166 Pac. 270, it was held: "A wife, who loans the proceeds of her separate property to her husband, becomes one of his creditors, and her rights as such are governed by the same legal principles as the rights of any other creditor. Whenever there is a true debt and a real transfer for an adequate consideration, there is no collusion, and fraud in its legal sense cannot be predicated thereon, even though the transfer result in a preference; nor does the fact that the creditor obtaining the preference is the debtor's wife operate to change or modify the rule." See, also, to the same effect, *Littler v. Jefferis*, 36 Ida. 608, 212 Pac. 866. That the property was considered the separate property of appellant is apparent from the fact that she paid the taxes upon it and from correspondence between Mr. Church and appellant, introduced in evidence, in which he refers to it as her property, the letters also being addressed to her individually. During the period covered by this correspondence, Mr. Church was an officer of respondent bank and had personal knowledge as such officer that it was appellant's separate property. The fact that the deed did not recite that the property was conveyed to her as her separate property and for her sole use and benefit would not be controlling; nor would it relieve her of the burden of showing by clear and convincing evidence that the property was her sole and separate property. Even if this conveyance had been directly from Ancy Sullivan to her and had been community property instead of the separate property of Ancy Sullivan, the conveyance was

made prior to the time that the indebtedness sued upon was incurred and for that reason respondent cannot question the validity of the conveyance.

There is no merit in respondent's contention that appellant is bound by the financial statement made to the bank by her husband in which he listed this particular property as the property of himself and appellant. She had nothing to do, so far as the record shows, with the making of this statement.

Taking into consideration the knowledge of the transaction imputed to the bank through its officer that it was appellant's separate property and the fact that Ancy Sullivan was free from debt at the time the deed was given and that it was given in payment of his indebtedness to appellant, we think appellant established conclusively that it was her separate property.

We think the evidence is clearly insufficient to support the judgment and the same should be reversed, with instructions to the trial court to enter judgment in favor of appellant and against respondent. Costs awarded to appellant.

McCarthy, William A. Lee and Wm. E. Lee, JJ., concur.

Dunn, J., dissents.