(No. 5018. May 2, 1929.)

CRAWFORD MOORE, as Trustee, Respondent, v. WILLIAM P. CROFT and IDA J. CROFT, His Wife, Appellants, and H. B. HARRIS, a Single Man, et al., Defendants.

WILLIAM P. CROFT, as Administrator of the Estate of MARY I. CROFT Deceased, Plaintiff in Intervention and Appellant, v. CRAWFORD MOORE, as Trustee, HEYBURN–PAUL HIGHWAY DISTRICT and E. E. CARRIER, Treasurer of the HEYBURN–PAUL HIGHWAY DISTRICT, Defendants in Intervention and Respondents.

[277 Pac. 425.]

S. T. Lowe, for Appellants.

Edwin Snow and Karl Paine, for Respondent Moore, Trustee.

BRINCK, District Judge.—This case involves the foreclosure of a note and mortgage executed by William P. Croft and wife, Ida J. Croft, for $2,000, upon lands standing of record in the name of the defendant William P. Croft. This note and mortgage were executed in blank at the same time and in the same manner, and induced by the same representations, as were the note and mortgage involved in *Moore v. Croft* (No. 5019), *post,* p. 572, 277 Pac. 423, and as to the main issues the decision in that case is controlling here.

In this case, however, appears the additional fact that the land mortgaged had been in part the separate property of Mary I Croft, deceased, a former wife of the defendant William P. Croft, who died intestate March 19, 1919, leaving minor children. William P. Croft, as administrator of her estate, intervened in this action, and as such administrator appeals from the decree of foreclosure which was rendered.

■ Property acquired by either spouse after marriage is presumably community property. (*Bannock Nat. Bank v. Automobile Accessories Co.,* 37 Ida. 787, 219 Pac. 200; *Clifford v. Lake,* 33 Ida. 77, 190 Pac. 714.) The law as it existed at the time of the death of Mary I. Croft in 1919 (C. S., sec. 7803), provided that upon the death of either spouse intestate the share of such deceased spouse in the community property should go to the survivor, and that no administration of the estate of the wife should be necessary if she died intestate. It is not contended here that she left a will. The trial court found that though the property, which was acquired after her marriage, was in part the separate property of Mary I. Croft, the title to it was, with her knowledge, taken in the name of her husband, William P. Croft, and that during her lifetime she knowingly permitted the title to remain in him. By so doing, she represented to the world that the property was community property, and that, upon her death intestate, he would be the owner of the whole, with full power to convey or mortgage it. This representation on her part made it possible for him, after her death, to represent himself to be the sole owner of the property, as he did by mortgaging it to plaintiff. The case is squarely within the rule of *Chaney v. The Gauld Co.,* 28 Ida. 76, 152 Pac. 468.

This case is distinguished from the decision in *Ewald v. Hufton,* 31 Ida. 373, 173 Pac. 247, relied upon by appellant, in that, under the law as it existed when the facts of that case arose, the share of a deceased intestate spouse in the community property descended to the heirs rather than to the survivor.

■■ In cases in which a decedent would be estopped, the personal representatives ordinarily will be estopped in the same manner and to the same extent. (21 C. J. 1182.) William P. Croft, as administrator, is estopped to claim the property as that of his decedent to the same extent that she would be estopped were she living.

The judgment is affirmed, with costs to respondent.

Budge, C. J., and Givens and Wm. E. Lee, JJ., concur.