(No. 5589.   October 2, 1930.)

FRANCES SWAGER, Respondent, v. AARON PETERSON, Appellant.

[291 Pac. 1049.]

A. S. Dickinson, for Appellant.

L. R. Thomas, for Respondent.

VARIAN, J.—Respondent, a married woman living with her husband, sued on a promissory note, indorsed and deliv-

ered to her by her husband, the payee therein named, without pleading her coverture or alleging that the debt sued upon was her separate property (see *Salisbury v. Spofford,* 22 Ida. 393, 126 Pac. 400), and without joining her husband as a party. Appellant answered, admitting the execution and delivery of the note, and alleging that respondent and the indorser, the payee named in the note, now are and during all the times mentioned in the complaint were wife and husband; denied that respondent was the owner or holder of the note in question, alleging that it was the property of the husband, and, in effect, that it was community property; and set up what purports to be a counter-claim against the husband as head of the community.

The case was tried to a jury and on the completion of the testimony each party moved for an instructed verdict. The jury was thereupon discharged, and the court took the matter under advisement. Later, findings of fact and conclusions of law were made and judgment in favor of plaintiff entered as prayed for. Defendant appeals from the judgment.

The only evidence bearing upon the nature of the ownership of the note in question is the testimony of the respondent. She testified on this point, in substance and effect, that the note was purchased from her husband with her own separate funds; that at the time the action was commenced she was the owner and holder of the note; that she married Carl W. Swager, the payee named in said note, at Pasadena in 1912, and that they have ever since remained husband and wife, living together as such; that she paid for the note sued upon out of the proceeds of moneys received in settlement of a claim for personal injuries sustained by her in an automobile accident in Bonneville county in May, 1925.

The note, having been acquired by her during coverture, will be presumed to be community property, rather than respondent's separate property, unless the contrary is shown by the evidence. (C. S., sec. 4660; *McMillan v. United States Fire Ins. Co.,* 48 Ida. 163, 280 Pac. 220;

*Moore v. Croft,* 47 Ida. 568, 277 Pac. 425; *Vaughan v. Hollingsworth,* 35 Ida. 722, 208 Pac. 838.)

Respondent's testimony that she purchased the note with her own separate funds and was the owner and holder thereof amounts to a legal conclusion having insufficient evidentiary value to overcome the presumption that it is community property. Respondent must go further and prove that she owned the note before marriage, or acquired it "during marriage through a legally recognized source of separate ownership, and the proofs must go to the very point of showing the fact of such an acquisition." (See McKay on Community Property, 2d ed., sec. 223, p. 169; *Brodsky v. Brodsky,* 172 Minn. 250, 215 N. W. 181; *Scott v. Witt,* (Tex. Civ. App.) 41 S. W. 401; *Eaton v. Locey,* 22 Cal. App. 762, 136 Pac. 534; *Brown v. Cloud County Bank,* 2 Kan. App. 352, 42 Pac. 593.)

This court has repeatedly held to the effect that damages recovered on account of personal injuries to the wife are community property. (*Giffen v. City of Lewiston,* 6 Ida. 231, 55 Pac. 545; *Lindsay v. Oregon Short Line R. R. Co.,* 13 Ida. 477, 90 Pac. 984, 12 L. R. A., N. S., 184; *Labonte v. Davidson,* 31 Ida. 644, 175 Pac. 588; *Muir v. City of Pocatello,* 36 Ida. 532, 212 Pac. 345; *Sprouse v. Magee,* 46 Ida. 622, 269 Pac. 993.) The fund from which respondent obtained the money to purchase the note sued on was, therefore, in its inception, community property. It follows that it remained community property unless either the note itself or the funds with which it was purchased were given to respondent by her husband at a time when he was free from debt, etc.

It is not contended here that the husband gave the note to respondent, but it is claimed that the evidence shows that he intended to and did give her the proceeds of the damages paid on account of her personal injuries. And the court found that respondent was the owner and holder in due course of the Peterson note, and that it was purchased with her separate funds. The evidence is not sufficient to sustain these findings. Respondent failed to

produce the evidence of her husband or the party who paid the damages for her injuries. When asked from what source she received the money paid for the note, respondent replied, "I received it through an automobile accident." On cross-examination, she was asked if she paid for the note with the proceeds of a settlement of personal injury claim since her marriage, to which she answered, "Yes." She testified that no action was brought on account of the accident, but that the parties came and settled with her. There is not a word of testimony that the husband ever gave her the moneys recovered on account of her personal injuries.

Nor is the evidence sufficient to sustain respondent's theory that the acts and conduct of the parties show there was a gift by the husband to the wife of the fund under consideration, and that she had the full management and control thereof. Her testimony is silent as to the amount of the fund; the manner of its control; whether deposited in her own or her husband's name or both their names; whether it was subject to her check, his check, or the check of either; whether the fund was kept in specie, hidden in the domicile of the parties or about their persons, or in any one of the many ways in which money may be kept or handled. She merely contents herself with the statement that she paid her husband $320 for this note; does not state in what manner the payment was made; and contradicts her first statement as to the time the note was transferred to her. She testified that she purchased two other notes, at about the same time, from Thomas Sullivan and Mrs. W. P. Hanson, without stating particulars as to the amounts paid, manner of payment, etc. From the meager record before us, the assumption cannot be indulged that respondent received the proceeds of the settlement for damages incurred by the automobile accident in her own name, and that she continued in the absolute control and management thereof, using it as her separate property, with her husband's consent or acquiescence. The record is silent as to any knowledge the husband had that the wife claimed the notes purchased as her separate

property, or that he even knew the Sullivan and Hanson purchases were made by her.

Under C. S., sec. 4666, the husband has the management and control of the community property, and is the necessary and proper party to bring an action to recover upon a promissory note belonging to the community. It appearing that the uncontradicted evidence is insufficient to sustain the finding that the note in question was the separate property of respondent, a married woman living with her husband, the judgment is reversed and the cause remanded, with directions to grant a new trial and permit amendments. Costs to appellant.

Givens, C. J., and Budge, Lee and McNaughton, JJ., concur.