[Civ. No. 13126. First Dist., Div. Two. Sept. 4, 1946.]

CATHARINE DEDERICH COMBS, Appellant, v. GRANVILLE P. COMBS, Respondent.

Walter H. Duane for Appellant.

Edmund J. Holl for Respondent.

DOOLING, J.—Plaintiff and defendant were married in 1938 and plaintiff secured an interlocutory decree of divorce from defendant on November 3, 1944. At the time of their marriage the plaintiff owned an apartment building in San Francisco and on September 27, 1938, she executed and delivered a deed in consideration of love and affection conveying this property to herself and defendant as joint tenants. After the interlocutory decree of divorce was entered plaintiff commenced this action to have the joint tenancy deed set aside and to quiet her title to the property. Judgment went for defendant and plaintiff appeals.

Plaintiff testified that before their marriage and afterwards until the deed was executed defendant evinced an interest in this property, suggested that she convey a joint tenancy interest in it to him so that he could help her manage it and finally threatened to leave her unless she did so; that defendant had the deed prepared and she went with him to a notary and executed it because she loved him and wanted to prevent the threatened separation. Her testimony if believed by the court would have compelled a decree in her favor. (*Ross* v. *Conway,* 92 Cal. 632 [28 P. 785]; *Hilton* v. *Hilton,* 54 Cal.App. 142 [201 P. 337]; *Estate of Cover,* 188 Cal. 133 [204 P. 583].) The defendant denied, however, that he suggested to plaintiff that she make the conveyance to him, denied that he threatened to leave her if she did not do so, denied that he had the deed prepared and testified that the plaintiff voluntarily took him to the notary, had the notary prepare the deed, executed it freely and went with him to the recorder's office and had it recorded.

It is true that the presumption arose on the execution of a deed without valuable consideration from wife to husband that it was the result of undue influence and the burden was cast upon defendant to prove otherwise (*Cox* v. *Schnerr,* 172 Cal. 371 [156 P. 509] and cases cited *supra*), but that burden was met if the trial judge, as he did, chose to believe the defendant's testimony (*Taylor* v. *Taylor,* 66 Cal.App.2d

390, 396-7 [152 P.2d 480]). The statement in some of the earlier cases that the confidential relation being proved the presumption of undue influence can only be rebutted by showing that the grantor had the benefit of independent advice is not the present rule. (*Brown* v. *Canadian Indus. Alcohol Co.*, 209 Cal. 596, 599 [289 P. 613]; *Smith* v. *Lombard*, 201 Cal. 518, 524 [258 P. 55].)

On the witness stand in the divorce action the defendant had testified that before their marriage plaintiff had agreed to convey an interest in her property to him "and she tried to renege on it afterwards, and so I said, 'No contract, no go.'"

Confronted with this testimony defendant's explanation was: "I remember talk of that kind of what I thought after the divorce, and I took it as fun. There was a lot of laughter there when this was being said. I didn't think it was part of the divorce." However, unconvincing this explanation may appear the determination of the effect of the impeaching evidence and the weighing of all of the testimony were matters entrusted to the discretion of the trier of the facts.

Harsh as the result to the plaintiff may appear and whatever we may think of a divorced husband who insists upon the benefit of his former wife's improvident act of generosity done at a time when she must have believed that they would continue to live together harmoniously as husband and wife, the judgment finds support in the evidence, which the trial court chose to believe, that without any pressure or fraud being exerted upon her she voluntarily gave her husband one-half of this valuable property. Mere improvidence or misplaced confidence in the future affords no ground for relief in the absence of a finding of fraud or undue influence.

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied October 4, 1946, and appellant's petition for a hearing by the Supreme Court was denied October 31, 1946.