[95 P.2d 355

**HOLBROOK et ux. v. FLYNN et al.**

**No. 7340.**

Supreme Court of Idaho.

June 23, 1948.

Leo McCarty and Paul C. Keeton, both of Lewiston, for appellants.

Ray E. Durham, of Lewiston, for respondents.

GIVENS, Chief Justice.

G. V. Russell was unnecessarily joined as a defendant and affirmance of judgment in favor of both respondents disposes of

his connection with the litigation in which he had no legal interest.

Appellants brought suit to recover rent from respondent Flynn for the use and occupancy of Lot 8 in Block 4 of the Lewiston Orchards Tract. Respondent Flynn resisted on the ground she had bought the property through one Jungert, a real estate broker who pre-deceased the trial, and with whom the property had been listed in writing by Mrs. Holbrook. Appellants insisted the property was community property and the sale agreement signed only by the wife was invalid and refused to complete the transfer. Respondent took the position the property was the sole and separate property of Mrs. Holbrook, which appellants were estopped to deny.

In substance, the evidence shows appellants put respondent in possession of the property, though there is conflict as to what was said between them and their subsequent actions recognizing and acknowledging there had been a sale. The evidence is likewise conflicting and to some extent confusing as to how the property was acquired by appellants and whose funds went into the purchase thereof, involving a claimed reimbursement to Fred C. Holbrook out of a settlement of the estate of Mrs. Holbrook's father for a debt due from him to Mr. Holbrook and an adjustment thereof with Mrs. Holbrook's brother and sister, the other heirs.

There is no dispute that respondent tendered the balance of the purchase price and that appellants refused to go through with the sale. The court found on sustaining evidence that: "* * * that the said plaintiffs never advised the defendant Dolly Flynn until August 15, 1943, that the said property was the community property owned by the community composed of the plaintiffs; that neither plaintiff at any time from April 12, 1943 to August 15, 1943, advised the defendant or her attorney that they would not convey the property in accordance with the terms of the contract of sale and purchase upon the payment of the balance of the purchase price, or that the property was not the separate property of the plaintiff Harriet E. Holbrook; that the said plaintiff Fred C. Holbrook read the contract of sale and purchase, as evidenced by plaintiffs' Exhibit 3 in evidence, within two or three days after the same was executed on April 12, 1943, and knew or should have known that the plaintiff Harriet E. Holbrook warranted that she was the owner in fee of said property and that she had good marketable title to the same; that the said plaintiffs both knew that the said defendant Dolly Flynn went into possession of said real property relying upon the terms of the contract of sale and purchase, as evidenced by plaintiffs' Exhibit 3, and knew that the said Dolly Flynn was in actual open and notorious possession of said property from the time that the keys were delivered to her by the plaintiff Fred C. Holbrook, that the defendant was improving the property during her occupancy, had planted the same

to crop, and at no time raised any objections to her occupancy or indicated in any manner that the contract would not be fulfilled by the plaintiffs upon the payment of the balance of the purchase price of $2200.-00; that the first objection made by either plaintiff was on August 15, 1943, at which time the said plaintiff Fred C. Holbrook claimed that the property was community property of the plaintiffs."

 Such finding accurately reflects the record and justified this conclusion of the trial court:

"That by reason of the action of the plaintiffs, Fred C. Holbrook and Harriet E. Holbrook, his wife, in placing the defendant Dolly Flynn in possession of the property referred to in Paragraph 111 of plaintiffs' complaint during April of 1942, and in knowing that the said Dolly Flynn went into possession of said real property relying upon her contract to purchase the same according to the terms set forth in plaintiffs' exhibit 3 in evidence, and the said plaintiffs' failure to assert any claim from April 12, 1943, to August 15, 1943, that the community composed of Fred C. Holbrook and Harriet E. Holbrook owned the said real property as community property and by reason of the fact that the plaintiffs both knew that the said defendant Dolly Flynn was occupying said real property from on or about April 12, 1943, to August 15, 1943, and improved the same, planted crop thereon, and occupied it, the said plaintiffs and each of them are estopped from asserting or claiming that the said real property referred to in Paragraph 111 of plaintiffs' complaint was not the sole and separate property of Harriet E. Holbrook."

"That the said plaintiffs and each of them are estopped from denying the validity of the contract of sale and purchase, as evidenced by plaintiffs' exhibit 3 in evidence."

The marital community and each member thereof may be estopped as to the character of property owned by it or them. Chaney v. Gauld Co., 28 Idaho 76, 152 P. 468; Overland Nat. Bank v. Halveston, 33 Idaho 489, 196 P. 217; Feltham v. Blunck, 34 Idaho 1, 198 P. 763; Leaf v. Codd, 41 Idaho 547, 240 P. 593; Kansas City Life Ins. Co. v. Harroun, 44 Idaho 643, 258 P. 929; Moore v. Croft, 47 Idaho 568, 277 P. 425; Boise Association of Credit Men v. Glenns Ferry Meat Co., 48 Idaho 600, 283 P. 1038; Buhl State Bank v. Glander, 56 Idaho 543 at 552, 56 P.2d 757; Grice v. Woodworth, 10 Idaho 459, 80 P. 912, 69 L.R.A. 584, 109 Am.St.Rep. 214.

In citing Chaney v. Gauld Co. in support of this, we have not overlooked McKeehan v. Vollmer-Clearwater Co., Ltd., 30 Idaho 505 at page 512, 166 P. 256, Ann.Cas.1918E, 1197, nor the learned discussions of the Chaney case in 1943 annotated republication on the Law of Community Property in Idaho, the Idaho Bar Journal, 1943. See also Kinsley Bank v. Aderhold, 131 Kan. 448, 292 P. 798, 76 A.L.R. 1495.

Judgment is, therefore, affirmed. Costs awarded to respondent.

BUDGE, HOLDEN, and MILLER, JJ., and FEATHERSTONE, District Judge, concur.