[Civ. No. 18014.   Second Dist., Div. Two.   Dec. 11, 1950.]

PETER M. JORGENSON et al., Respondents, v. WILLIAM K. PARDEE, as Administrator, etc., Appellant.

Hansen & Sweeney and Victor R. Hansen for Appellant.

Courtney A. Teel for Respondents.

McCOMB, J.—This is an action to declare a trust in real and personal property in favor of plaintiffs as the heirs of the estate of Hildred Pardee.

Hildred Pardee and defendant were married in 1929.  On December 22, 1948, defendant filed an action for divorce against her.  After lengthy negotiations a property settlement was signed between the parties on February 24, 1949.  On March 2, 1949, Mrs. Pardee was taken to a hospital suffering from an ailment which resulted in her death on March 26, 1949.

March 5, 1949, defendant called on decedent in the hospital, and on the 6th of March had a long visit with her alone in her room. As a result of this visit he obtained decedent's consent to a reconciliation and cancellation of the property settlement agreement into which they had entered on February 24, 1949. Defendant had his attorney prepare a formal rescission of the property settlement agreement and a deed to him of property previously conveyed to his wife. About noon of the 7th of March, 1949, defendant took the agreement to his wife where he was with her alone for about two hours and during this period decedent executed the agreement rescinding the property settlement and the deed to plaintiff of certain property.

Upon her death he claimed all of the property as his, while plaintiffs claim, as heirs of decedent, that the rescission of the property settlement agreement was fraudulent and procured under undue influence.

The trial court found in accordance with the contentions of plaintiffs and entered judgment in their favor.

*Question: Was there substantial evidence to sustain the trial court's findings that decedent in executing the rescission agreement was acting under undue influence and through the fraud of defendant?*

▮ This question must be answered in the affirmative. Confidential relations are presumed to exist between husband and wife, and in his dealings with his wife the husband, if he obtains an advantage over her, must show that he has not abused the confidence presumably reposed in him by her and resulting from the marital relationship. If the husband fails to bear the burden of showing that the transaction with his wife was fair and just and fully understood by her, the presumption arises that the transaction was entered into by the wife under the undue influence of her husband and was fraudulent. (*Estate of Cover*, 188 Cal. 133, 143 et seq. [204 P. 583] ; *Auclair* v. *Auclair*, 72 Cal.App.2d 791, 801 et seq. [165 P.2d 527] ; *Matassa* v. *Matassa*, 87 Cal.App.2d 206, 214 et seq. [196 P.2d 599] ; *Combs* v. *Combs*, 75 Cal.App.2d 903, 904 [171 P.2d 949].)

▮ The foregoing rule is applicable to the facts of the present case. The testimony disclosed that defendant was desirous of divorcing his wife so that he might marry another woman; that his wife was an alcoholic to the extent that she had seriously impaired her health; that defendant had filed an

action for divorce against her and in entering into a property settlement with her made substantial concessions in order to further his desire of obtaining a divorce; that shortly after a property settlement was agreed upon his wife due to the excessive use of alcohol entered the hospital in a critical condition suffering from cirrhosis of the liver; that when defendant visited her at the hospital he professed great love and affection for her, stating that he had not lived up to his obligation to her but would do so in the future; that in reliance upon such representations decedent executed the rescission agreement and deed to defendant whereby he obtained material advantages from his wife; that at the time of this transaction she was not independently advised and relied upon defendant's statements.

The evidence further shows that defendant did not believe his wife would recover from her illness and that in fact she did not, but died shortly thereafter. Such evidence fully sustains the trial court's findings of undue influence and fraud when taken in connection with the rule of law hereinabove stated.

Affirmed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied December 27, 1950, and appellant's petition for a hearing by the Supreme Court was denied February 8, 1951. Carter, J., and Schauer, J., voted for a hearing.