279 P.2d 631

Wilma PARKE, Plaintiff-Appellant,

v.

Gilbert I. PARKE and Gladys Wells Parke, Defendants-Respondents.

No. 8108.

Supreme Court of Idaho.

Feb. 1, 1955.

170

Anderson & Anderson, Pocatello, for appellant.

TAYLOR, Chief Justice.

Subsequent to the first appeal in this case, Parke v. Parke, 72 Idaho 435, 242 P.2d 860, plaintiff filed a second amended complaint; the cause was tried; and findings, conclusions and decree were entered in favor of the defendants (respondents).

■ It is apparent from a reading of the prior opinion that this court, in holding the complaint sufficient to state a cause of action for equitable relief, relied heavily upon the allegation that the defendant husband had secreted and concealed community property from the plaintiff. That allegation was eliminated from the second amended complaint upon which the cause was tried. Moreover, the evidence does not disclose any such concealment, or the existence of any community property omitted from the settlement or the divorce decree. The testimony is conflicting as to the value of the several items of property, particularly with reference to the furniture and household goods, awarded to the plaintiff pursuant to the agreement, and the barbecue stand and business given to the defendant. From this conflicting evidence the court found that the division of property, agreed upon and incorporated in the decree, was fair and equitable. There is substantial and competent evidence to support such finding. Thus the issue is concluded: Lucky Five Min. Co. v. Central Idaho Placer Gold Min. Co., 71 Idaho 490, 235 P.2d 319; Driesbach v. Lynch, 71 Idaho 501, 234 P.2d 446; Smith v. Cooper, 73 Idaho 99, 245 P.2d 816.

■ Appellant contends that defendant's (respondent's) denial of her allegation that the barbecue business was worth $20,000, is a negative pregnant and therefore an admission that it was worth $19,999.99 or some amount in excess of $20,000. This may be the rule, but here the question of paramount importance is as to whether she was deceived or coerced. She does not allege he misrepresented the value to her, and the record shows she was quite as familiar with that business as he.

There being no charge or evidence of concealment in this case, the rule discussed by the Supreme Court of California in Jorgensen v. Jorgensen, 32 Cal.2d 13, 193 P.2d 728, need not be considered. Here we have a case confined to allegations and proof of a course of cruel and inhuman treatment over a period of years, accompanied by accusations that the plaintiff was "crazy", and

threats to have her committed to an institution, occurring during a period of time when plaintiff was seriously ill; and that by reason of such conduct on the part of her husband, and her ill health, and her fear of dire consequences which might follow her refusal to conform to his wishes, she agreed to the property settlement and the terms of the decree based thereon; that the agreement and decree were the result of defendant's fraud and coercion and not her free and voluntary acts.

It is apparent from this statement of the case, that the cruelty alleged as the basis of the charge of coercion was a proper matter to be submitted to and determined by the divorce court in the divorce proceedings. That is, it was an issue properly triable in that action. A reference to her complaint for divorce indicates that this same cruelty is alleged therein by her as the ground upon which she sought and obtained the divorce, including the repeated charge by him that she was "crazy".

 Assuming, under these circumstances, a cause of action could be pleaded, and evidence produced which would justify equity in granting relief, it would be necessary for the plaintiff to show, and the court to find, that the defendant's conduct was such that it prevented the plaintiff from presenting her case in the divorce action and having a full and fair trial and determination thereof. The evidence before us wholly fails to meet this requirement. According to plaintiff's own testimony, she separated from the defendant in June 1948, and thereafter had no direct communication with him, except one short telephone conversation concerning the daughter of the parties, until after the property agreement had been signed by her on October 29, 1948. There is no evidence of any threats by him communicated to her during the interim. She was not directed by defendant to file the divorce action, although he may have expressed many times his wish that she would do so. She testified she was mentally normal when she consulted with and engaged the attorney who handled her divorce proceedings; that she went to said attorney of her own free will, and he was the attorney of her own free choice. He was a competent, experienced and reliable attorney and in her second amended complaint herein she specifically alleges "that she does not charge or intimate any bad faith on the part of her counsel in said divorce case and in advising said settlement." Plaintiff further testified that she was mentally sound when she went upon the witness stand in the default divorce hearing. There is no evidence of any coercion or threats by the defendant preceding that hearing, or of any other fact or circumstance which would tend to prevent her from fully disclosing to the court all of the facts pertinent to the issues before the court, including the fairness or justness of the property settlement, which she presented to the court for its approval, and which the court found to be "a fair and equitable division."

■ It follows that there is no ground for equitable relief. The alleged fraud and coercion is wholly intrinsic. The doctrine of res judicata applies. The divorce decree is final and conclusive. Parke v. Parke, 72 Idaho 435, 242 P.2d 860; Hendricks v. Hendricks, 216 Cal. 321, 14 P.2d 83; Kellett v. Kellett, Cal.App., 26 P.2d 859; Burton v. Burton, 176 Okl. 494, 56 P.2d 385, 104 A.L.R. 728; Calvert v. Calvert, 61 Nev. 168, 122 P.2d 426; Howard v. Howard, 27 Cal.2d 319, 163 P.2d 439; Auclair v. Auclair, 72 Cal.App.2d 791, 165 P.2d 527; Mazour v. Mazour, 64 Nev. 245, 180 P.2d 103; Roberts v. Roberts, 81 Cal.App.2d 871, 185 P.2d 381; Deyl v. Deyl, 88 Cal.App.2d 536, 199 P.2d 424; Jorgenson v. Pardee, 101 Cal.App.2d 96, 224 P.2d 884; Smith v. Smith, 125 Cal.App.2d 154, 270 P.2d 613; Dennis v. Harris, 179 Iowa 121, 153 N.W. 343; Wolff v. Wolff, 134 N.J.Eq. 8, 34 A.2d 150; Coe v. Coe, 334 U.S. 378, 68 S.Ct. 1094, 92 L.Ed. 1451, 1 A.L.R.2d 1376.

■■ In her brief the appellant makes the contention that, she being a married woman at the time the property settlement contract was entered into, it is not binding upon her because of her incapacity. The contention is without merit. A husband and wife may contract with each other. Bates v. Papesh, 30 Idaho 529, 166 P. 270; Littler v. Jefferis, 36 Idaho 608, 212 P. 866; Boise Ass'n of Credit Men v. Glenns Ferry Meat Co., 48 Idaho 600, 283 P. 1038; Beard v. Beard, 53 Idaho 440, 24 P.2d 47; Hobbs v. Hobbs, 69 Idaho 201, 204 P.2d 1034; § 32-904 I.C. In addition, this is a contract by which she received property for her separate estate, as to which she did not lack capacity. Booth Mercantile Co. v. Murphy, 14 Idaho 212, 93 P. 777; Stewart v. Weiser Lumber Co., 21 Idaho 340, 121 P. 775.

Judgment affirmed. Costs to respondents.

KEETON, PORTER, ANDERSON and SMITH, JJ., concur.