**AFFRON FUEL OIL, Inc., Plaintiff,**

v.

**FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Defendant.**

United States District Court
S. D. New York.
Dec. 30, 1955.

Milton L. Epstein, Beacon, for plaintiff.

Joseph Haskell, New York City, for defendant.

WEINFELD, District Judge.

Following the conclusion of the trial,[1] but before the submission of briefs by either party, the defendant moves (1) to reopen the trial to submit additional evidence; and (2) for leave to serve an amended answer seeking a reformation of the policies upon which the plaintiff sues to express the true agreement of the parties by striking out the word "or" and substituting the word "of" in the following clause: "This policy covers on 'Fuel Oil' while contained in the following tanks against the risk or leakage for not exceeding the respective amount of insurance set opposite the described tank." (Emphasis added.) The substitution of the word "of" would of course restrict the risk.

The basis of the motion is evidence recently discovered which defendant asserts will establish that the endorsement on plaintiff's policy, allegedly a renewal of prior ones issued to plaintiff or its predecessors, contains a typographical error. I am satisfied that the triplicate carbon copies of the policies, the existence of which it is asserted came to light through an individual who acted as broker for the plaintiff and local agent for the defendant, could not have reasonably been discovered prior to the trial by the defendant and that an adequate excuse has been furnished for lack of knowledge of their existence by the defendant, which made it a practice to destroy carbon copies of policies after their expiration or renewal where no claim was made under the policy.[2]

It is accepted policy to allow amendments freely when justice so requires and does not result in prejudice to the opposing party.[3] Amendments of the pleadings are permitted even after the entry of judgment.[4] Upon all the facts and circumstances presented, I am satisfied that it is in the interests of justice to grant the motion and that plaintiff cannot be prejudiced thereby.

The plaintiff's attorney quite properly urges that the plaintiff waived a jury trial because under the original answer essentially a question of law was presented, whereas the proposed amended answer poses issues of fact; and further these issues now require an examination before trial of the defendant, which was not necessary under the prior state of the pleadings.

1. The case was tried upon a stipulation and the trial lasted less than an hour.

2. Rule 13(f), Federal Rules of Civil Procedure, 28 U.S.C.A., permitting the assertion of an omitted counterclaim by amendment.

3. Rule 15(a), Federal Rules of Civil Procedure.

4. Rule 15(b), Federal Rules of Civil Procedure.

The contention of possible prejudice is readily met. The motion for leave to serve the proposed amended answer is granted upon condition that within ten days after the service of any reply to the amended pleading plaintiff demand a jury trial, in which event the matter will be transferred to the head of the Ready Day Jury Calendar for trial de novo with respect to those issues as to which it may be entitled to a jury trial; otherwise the trial will be reopened and a date set for its continuance. The order to be entered shall also contain an appropriate provision preserving plaintiff's right to examine the defendant and otherwise to avail itself of the deposition-discovery procedure under the Rules.

Settle order on notice.