ELEANOR M. SULLIVAN, Respondent, v. GEORGE E. MABEY, Respondent, and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Corporation, Appellant.

[264 Pac. 233.]

EQUITABLE ESTOPPEL — WHAT CONSTITUTES — QUESTIONS FOR JURY.— GARNISHMENT — CLAIMS OF THIRD PARTY — ACTION ON OFFICIAL BOND—DISMISSAL OF ACTION AGAINST PRINCIPAL—STATUTE OF LIMITATIONS.

1.  To constitute an "equitable estoppel," there must exist a false representation or concealment of material facts, made with knowledge, actual or constructive, of the facts, and party to whom it was made must have been without knowledge and have relied thereon to his prejudice.

2.  In action against sheriff and surety on sheriff's official bond, evidence as to sheriff's representation to third party claimant that money attached in garnishment proceeding had been received by him constituting an estoppel to deny receipt thereof *held* for jury, and finding of court that sheriff was so estopped was erroneous.

3.  Provision of C. S., sec. 6787, relative to ordering delivery of garnished property to sheriff, is for the benefit of the attaching creditor who may not be willing to trust to responsibility of garnishee pending garnishment proceedings.

4.  Where, in action against surety on sheriff's official bond, motion for instructed verdict was interposed on behalf of sheriff, with request that matter be disposed of so as to become *res judicata*, and opposing counsel consented to dismissal because of doubt as to jurisdiction, but insisted that dismissal be so as not to relieve either defendant from further liability, trial court exceeded its power in thereafter ordering dismissal as to sheriff with prejudice.

5.  Cause of action against a sheriff for not paying over proceeds of attached property does not accrue, within meaning of limitation of C. S., sec. 6612, until there has been a final judgment in attachment suit establishing the right to such funds.

Publisher's Note.

1.  See 10 R. C. L. 688.

See Dismissal and Nonsuit, 18 C. J., sec. 131, p. 1202, n. 7.

Estoppel, 21 C. J., sec. 122, p. 1119, n. 12; sec. 270, p. 1253, n. 98.

Garnishment, 28 C. J., sec. 357, p. 260, n. 5.

Limitation of Actions, 37 C. J., sec. 262, p. 898, n. 74.

APPEAL from the District Court of the Seventh Judicial District, for Gem County. Hon. Ed. L. Bryan, Judge.

Action against sheriff and surety on his official bond. Judgment against surety. On petition for rehearing. *Reversed and remanded.*

Jones, Pomeroy & Jones, Hawley & Hawley and Frank T. Wyman, for Appellant.

Since the complaint was drawn on the theory that the defendant sheriff had actually received the money and no facts showing an estoppel were pleaded, the case could not be determined on the theory of estoppel. The complaint in the case does not plead facts sufficient to show estoppel. (*Seat v. Quarles,* 31 Ida. 212, 169 Pac. 1167; *Neitzel v. Lawrence,* 40 Ida. 26, 231 Pac. 423; 10 R. C. L. 842–844; 21 C. J. 1243, 1244, 1247; *Hasell v. First Nat. Bank,* 48 Okl. 535, 150 Pac. 489, L. R. A. 1916B, 697.)

One of the essential allegations in pleading estoppel is that the party claiming it has changed his status because of the representation or conduct to his material injury. (21 C. J. 1249; *Frank v. Crescent Wharf & Warehouse Co.,* 50 Cal. App. 272, 195 Pac. 79; *Ashley v. Pick,* 53 Or. 410, 100 Pac. 1103; *Haun v. Martin,* 48 Or. 304, 86 Pac. 371.)

In order to sustain a claim of estoppel the evidence must show that the party pleading it has suffered a loss of a substantial character or been induced to alter his position for the worse in some material respect by reason of the representations or conduct of the party to be estopped. (21 C. J. 1135–1137; *City of Coeur d'Alene v. Spokane etc. R. Co.,* 31 Ida. 160, 169 Pac. 930.)

The act complained of was not within the official duties of the sheriff and the surety would not be liable. (*Federal Reserve Bank v. Smith,* 42 Ida. 244, 244 Pac. 1102.)

One not a party to an action is not bound by a decree entered therein. (*Schuler v. Ford,* 10 Ida. 793, 80 Pac. 219.)

The release of the principal released the surety.  (21 R. C. L., pp. 1032, 1065, 1066; *Holden v. Mensinger,* 175 Cal. 300, 165 Pac. 950; *Lamb v. Wahlenmaier,* 144 Cal. 91, 103 Am. St. 66, 77 Pac. 765; 23 Cal. Jur., sec. 37, p. 1044; C. S., sec. 650; *Bank of Manchester v. Bartlett,* 13 Vt. 315, 37 Am. Dec. 594; 37 Cyc. 427–431.)

The right of action was barred by the statute of limitations.  (C. S., sec. 6612; *Paige v. Carrol,* 61 Cal. 211; *Lambert v. McKenzie,* 135 Cal. 100, 67 Pac. 6; 23 Cal. Jur., sec. 39, p. 333; *City of Butte v. Goodwin,* 47 Mont. 155, Ann. Cas. 1914C, 1012, 134 Pac. 670.)

Sullivan & Sullivan, for Respondent Sullivan.

Where an estoppel arises and the party raising the same has no opportunity to plead it, or where it arises from the acts of defendants and no replication is permitted by the laws of the state where it arises, then it may be shown in evidence without pleading.  (21 C. J. 1244, 1245; 10 R. C. L. 842, 843; 8 Ency. Pl. & Pr. 14; 27 Am. St. 345, note; Bigelow on Estoppel, secs. 1266–1274; *Llewellyn Iron Works v. Abbott Kinney Co.,* 172 Cal. 210, 155 Pac. 986; *Mabee v. Continental Casualty Co.,* 37 Ida. 667, 680, 37 A. L. R. 348, 219. Pac. 598.)

Respondent changed her position to her prejudice, in that, by the act of the sheriff upon which she relied, she lost her statutory right to compel the garnishee to deliver the money into the hands of the sheriff.  (C. S., secs. 6786–6788 and 6794.)

The statute of limitations did not begin to run in the case at bar until respondent established her ownership to the funds in question on November 5, 1923, or until demand on December 5, 1923.  (17 R. C. L. 807; 25 Cyc. 1197; *People v. Kendall,* 14 Colo. App. 175, 59 Pac. 409; *State v. Finn,* 98 Mo. 532, 14 Am. St. 654, 11 S. W. 994; *State v. Finn,* 23 Mo. App. 290; *People v. Cramer,* 15 Colo. 155, 25 Pac. 302.)

Jones, Pomeroy & Jones and White & Bentley, for Respondent Mabey, file no brief.

ADAIR, Commissioner.—This action was instituted against George E. Mabey, former sheriff of Bannock County, and Fidelity and Deposit Company of Maryland, as surety on Mabey's official bond. After the usual averments as to the corporate capacity of appellant surety company, the election and qualification of the sheriff, the giving of his official bond, and a statement as to his official duties, the complaint alleges that during his term of office there came into his possession the sum of $908.46 belonging to respondent, which sum the sheriff received in the following manner: That on March 12, 1920, the Bannock National Bank commenced suit against certain defendants, and a writ of attachment was issued in connection therewith, under which the sheriff served notice of garnishment upon one Gray, who was reputed to be indebted to one of the defendants in such suit; that on March 19th, the writ was returned showing service thereof on Gray; that on April 8th, respondent herein served upon the sheriff notice of her third-party claim to the funds attached; that thereafter, on April 9th, the sheriff represented to respondent, through her attorney, that the money so attached in the hands of Gray in the sum of $908.46, would be held as attached property by reason of the plaintiff having given an indemnity bond; that on May 28th respondent, acting and relying upon said representations of the sheriff, intervened in that action claiming said fund as her sole and separate property; that the action proceeded to judgment in favor of the bank, and against this respondent as intervenor; that she appealed to the supreme court, where the cause was reversed and she was awarded this money; that judgment in the district court was entered accordingly; with a direction to the sheriff to pay over the money to her; that she made demand therefor, but that said Mabey failed and refused to pay the same to her, and that the appellant surety company, after demand, likewise refused to make payment.

The joint answer of the defendants denied that any sum had ever come into the hands of the sheriff by virtue of such attachment proceeding; denied that the sheriff had notified or represented to respondent that the money attached in the hands of Gray would have to be held as attached property; and as an affirmative defense pleaded that the action was barred by a certain section of the statute of limitations.

On the trial of the present action, after respondent had rested, and the defendants had attempted to prove that the money had never actually been delivered by the garnishee to the sheriff, which proof was not admitted by the court, an order was entered dismissing the action as to the sheriff with prejudice, and the jury were instructed to return a verdict for the respondent against the surety company. Such a verdict was rendered and recorded, and from the judgment based thereon the surety company has appealed.

For the purposes of this opinion, the various assignments of error may be consolidated and considered under five heads, namely: (1) That the court erred in refusing to permit defendants to prove that the garnishee, Gray, did not turn over to defendant sheriff any money under the attachment; (2) that the court erred in directing a verdict for respondent; (3) that sufficient facts are not pleaded or proven to show estoppel; (4) that the release of the principal by the dismissal with prejudice released the surety; and (5) that the action was barred by the statute of limitations.

There is no conflict as to the dominant facts in the case, except that opinion may differ as to the intent and construction of certain letters admitted in evidence. The history of the previous suit as detailed in the complaint is correct, except as to the statements therein contained to the effect that the sheriff received the attached money. Shortly after the original action was commenced, Mrs. Sullivan learned thereof, and employed an attorney to represent and protect her in her assertion that the money was her sole and separate property, rather than that of her husband who was one of the attachment debtors. Said attorney, Mr.

George C. Huebener, went to Pocatello to investigate about April 7, 1920. He examined the court records, and ascertained that no answer to the interrogatories had been filed, but that the sheriff had made his return to the writ showing service on Gray as garnishee. He then interviewed a deputy sheriff, who informed him that the money had not yet been delivered to the sheriff by Gray, and that said deputy did not know at the time the exact amount of money attached. Huebener then went personally to Gray to get further information, but without success. On the following day he served on the sheriff a third-party claim, or affidavit, on behalf of his client, and was informed that the sheriff would call the attention of the attaching creditor thereto, so that it might have an opportunity to give the officer an indemnity bond. Huebener then returned to Emmett. Under date of April 9th, the deputy sheriff wrote said attorney (Plaintiff's Exhibit "G") as follows:

"In the matter of attached money in the hands of C. W. Gray, in which case you served an affidavit on this office on the claim of a third party: We have a bond in the amount of $2000.00 signed by N. G. Franklin, and A. R. Higson, and by virtue of same we are obliged to hold this money as attached property. The return shows $908.46 as the amount attached."

To this letter Huebener replied in substance that he had received the letter in which the deputy sheriff stated that the money had been delivered to him by Gray, and that if the bond had been given it was satisfactory to Huebener that the money remain in the custody of that officer.

Later, Mrs. Sullivan filed a complaint in intervention in the suit then pending to establish her right to the attached funds, with the result that on November 5, 1923, a judgment pursuant to the *remittitur* of the supreme court (*Bannock Nat. Bank v. Automobile Accessories Co.*, 37 Ida. 787, 219 Pac. 200) was entered in her favor. When the money was not forthcoming after demand made therefor, the present action was commenced.

[1] On cross-examination, a letter written by Huebener (Defendants' Exhibit 1) was admitted in evidence. After respondent rested, the defendants attempted to prove that the sheriff had never received the money, or any part thereof, from Gray, but the court refused to permit such evidence, upon the theory that the sheriff and his surety were estopped by said letter (Exhibit "G").

To constitute equitable estoppel, "there must exist a false representation or concealment of material facts; it must have been made with the knowledge, actual or constructive, of the facts; the party to whom it was made must have been without knowledge or means of knowledge of the real facts; it must have been made with the intention that it should be acted upon; and the party to whom it was made must have relied or acted upon it to his prejudice. To constitute estoppel *in pais*, there must concur an admission, statement or act inconsistent with the claim afterward asserted, action by the other party thereon, and injury to the other party. There can be no estoppel if either of these elements are wanting. They are each of equal importance." (21 C. J., p. 1119, sec. 122.)

[2] In the instant case, estoppel was not pleaded, nor were facts necessary to constitute estoppel proven at the trial. First, necessarily to be proven was the sheriff's alleged representation that he had received and was holding the money. Such representation was directly denied by the pleadings, and became an issue of fact. The evidence on this point consisted of the deputy sheriff's letter of April 9, 1920, to attorney Huebener (Plaintiff's Exhibit "G"), said attorney's testimony that on the morning of April 8, 1920, he was told by deputy sheriff Bendixon that Gray had turned over $900, and his letter to Attorney Bentley, Defendants' Exhibit 1, wherein he stated that before leaving Pocatello on the night of said April 8th he was advised by the sheriff's office that Gray "*was going to make a statement and turn over the money to the sheriff.*" Whatever Bendixon had told him in the morning had been admittedly corrected later in the day; and the fact of the representation

must depend on the effect of the language employed in exhibit "G." This letter did not, as recited in the complaint, discuss money attached in the hands of Gray, but specifically referred to it as "attached money in the hands of Gray," warranting the interpretation that the money was in the hands of the garnishee equally as well as in the hands of the sheriff. Concluding, the letter recited the furnishing of an indemnity bond by the attachment creditor, and stated that "by virtue of same we are obliged to hold this money as attached property." Respondent construes this to be an unequivocal announcement that the sheriff had the money in his possession, a construction by no means exclusive. The same language might properly have been employed, had the garnishee elected to retain the money under C. S., sec. 6786, for the lien of the attachment held the money independent of any surrender by the garnishee.

"By the service in the manner provided by statute, whether it be named 'garnishment' or 'service of the attachment,' while the possession is not necessarily disturbed, 'a lien is obtained on defendant's title to the property in the hands of the garnishee.' " (*Kimball v. Kimball etc. Co.*, 111 Cal. 386, 43 Pac. 1111.)

[3] It was for the jury to determine the issue from the facts adduced. Yet the court, without waiting to hear from the denying defendants, found the facts, and held them estopped thereby. This was error. It was not shown that respondent had done or omitted any act or changed her position in reliance upon the sheriff's representation. As far as the record discloses, she simply did what she would have been compelled to do, had the money never been turned over to the sheriff at all. If there had been some other course she might have taken, whereby she would have obtained the money, and which she did not take because of the alleged representation, it was incumbent upon her to prove it as a primary element of estoppel. Nor was there proof of resultant injury. Respondent bases her injury upon the alleged loss of her statutory right as a third party claimant to have the court order a delivery of the garnished

money to the sheriff under the provision of C. S., sec. 6787. The statute awards no such right. Its provisions have been directly declared to be for the benefit of the attaching creditor who may not be willing to trust to the responsibility of the garnishee pending the garnishment proceedings. (*Roberts & Co. v. Landecker,* 9 Cal. 262, 266.) The right that the statute awards the third party is not the right to an order of delivery, but the right that the order when made at plaintiff's behest shall be framed to protect such claimant's interest in the property delivered. The court takes over the property not for the protection of the claimant, but for the protection of the moving creditor, meanwhile seeing to it that the claimant's interests are duly guarded.

[4] Appellant contends that it is a well-established principle of law that the absolute release of a principal releases also the surety. Near the conclusion of the trial, a motion for an instructed verdict was interposed on behalf of the defendant Mabey. His counsel insisted that the matter should be disposed of in such a manner as to become *res adjudicata*. Counsel for respondent consented that the action might be dismissed as to Mabey, because of doubt as to the jurisdiction of the court as to that defendant, a question being presented as to proper venue, but insisted that if the action was dismissed, it should be done in such a way as not to release from further liability either of the defendants. The motion for a directed verdict was resisted. No motion to dismiss the action as to this defendant was made by either party, but the order was made of the court's own motion. There was no intention expressed or manifested by respondent to voluntarily release either principal or surety from liability. After considering the entire record with reference to this matter, there being much confusion therein as to what actually happened, it appears that in making the order of dismissal as to Mabey "with prejudice," the court exceeded its power, and the order should have been without prejudice.

[5] Appellant contends that the cause of action is barred by C. S., sec. 6612, limiting to two years the period within

which actions against sheriffs for omissions of a public duty, including nonpayment of money collected upon execution, may be commenced. Respondent had no cause of action against the sheriff until November 5, 1923, the date when the final judgment in her favor was entered. A cause of action against a sheriff for not paying over the proceeds of attached property does not accrue until there has been a final judgment in the attachment suit establishing the right to such funds. (*State v. Finn,* 98 Mo. 532, 14 Am. St. 654, 11 S. W. 994.)

In view of the foregoing conclusions, it will be unnecessary to publish the opinion originally filed herein.

I recommend that the judgment be reversed and the cause remanded for a new trial, and that appellant recover its costs.

The foregoing is approved as the opinion of the court. The judgment is reversed and the cause remanded for a new trial. Costs to appellant. Rehearing denied.

Wm. E. Lee, C. J., and Taylor and T. Bailey Lee, JJ., concur.

Budge and Givens, JJ., dissent.