375 P.2d 714

Herbert R. LEHMAN, Plaintiff-Appellant,

v.

LaMont BAIR, d/b/a Bair's Service Station, Defendant-Respondent.

No. 9096.

Supreme Court of Idaho.

Oct. 29, 1962.

Albaugh, Bloem, Smith & Pike, Idaho Falls, for appellant.

Holden, Holden, Kidwell & Williams, Idaho Falls, for respondent.

KNUDSON, Justice.

On March 23, 1959, appellant drove his pickup truck onto the service station grounds of respondent at Idaho Falls to purchase diesel fuel. Appellant stopped his truck facing east on the south side of the diesel pump where he obtained a quantity of fuel.

In the service area and for a distance of approximately 6 ft. south of the diesel pump is a concrete "apron". Immediately south of the concrete "apron" is a "hardtop" surface of asphalt. At a point on the ground about midway (east and west) of appellant's truck as it was standing at the pump and where the concrete and asphalt were joined, there existed a depression estimated at approximately 18 to 24 inches long, 9 to 12 inches wide and 3 to 6 inches deep. On the concrete edge of the depression there was a straight drop, but the other edges were gradual in slope.

After obtaining service and purchasing fuel appellant went a short distance to an adjoining tire shop (neither owned nor operated by respondent) to get a tire he had previously left to be repaired. The pickup remained parked at the pump. In about five minutes appellant and a helper from the tire shop returned with the tire and placed it in the back of the truck. Appellant then stepped back two or three steps, turned to his right, and while walking forward checking his truck and fuel containers stepped into the depression above described, causing the injuries complained of in this action.

The cause was heard by the court, sitting without a jury, and after introduction of all the evidence the court granted respondent's motion for an involuntary dismissal. This appeal is from the order granting the dismissal.

We shall first consider appellant's second assignment of error wherein he contends that:

"The court erred in ordering that plaintiff had waived his right to a jury trial, since the issue of contributory negligence appeared first formally in the record when the pre-trial order was made and entered."

Respondent's answer to appellant's complaint, in addition to a general denial, specifically denies that appellant, on the occasion of his injury, was on respondent's premises by invitation. No allegation constituting an avoidance or affirmative defense is alleged.

A pre-trial conference was held on June 30, 1961. The record contains an instrument entitled "Plaintiff's pre-trial state-

ment" which is signed by attorney for appellant wherein it is stated what appellant contends the issues to be. There is also an instrument entitled "Defendant's pre-trial statement" signed by attorney for respondent wherein respondent's contentions as to the issues are stated. The dates of filing said statements are not shown.

On July 21, 1961, the "Pre-trial Conference Order" was filed. This order contains recitals as to admissions on the part of respondent; stipulations agreed to at the conference and statements of the contentions of the respective parties. Notwithstanding the fact that no mention is made of contributory negligence in respondent's answer or pre-trial statement, the pre-trial conference order provides that it is respondent's contention that appellant was guilty of contributory negligence. The record does not disclose any application or motion on the part of respondent to amend the answer to set forth contributory negligence as an affirmative defense, nor does the pre-trial conference order show any stipulation of the parties or order of the court authorizing any such amendments.

Appellant contends that he did not know, until receipt of the pre-trial conference order, that the defense of contributory negligence on the part of appellant was to be an issue in the case; that upon learning that contributory negligence was to be considered by the court as an issue in the case

he, appellant, orally requested a jury trial which request was promptly denied by the court upon the stated ground that appellant had not demanded a jury trial within ten days after service upon him of the last pleading directed to an issue in the case. Respondent's answer, the last responsive pleading, was filed March 27, 1961.

Although the record does not show appellant's oral request for a jury trial, or the ruling of the court upon such request, as above stated, such facts were stated to the court by attorney for appellant during the oral presentation of the appeal, and attorney for respondent acknowledged that such request and ruling had been made.

The pre-trial conference order provides that:

"This order supersedes all pleadings in the case and all further proceedings in the matter will be governed by the pre-trial order."

Said order also states that the case "was set for trial before the court, sitting without a jury, at 9:00 A.M., July 26, 1961." The trial commenced on said date.

Appellant contends that by the court's pre-trial conference order a new issue is presented and appellant was entitled to ten days' time after the entry and service of the pre-trial order in which to demand a jury trial. Appellant claims that such right is

protected by I.R.C.P., Rule 38(b) which provides:

"*Demand*.—Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than ten (10) days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party."

There is merit to appellant's said contention. Under I.R.C.P., Rule 8(c) it is required that the defenses of contributory negligence shall be set forth in a responsive pleading, the pertinent provisions being as follows:

"In pleading to a preceding pleading, a party shall set forth affirmatively * * * contributory negligence, * * and any other matter constituting an avoidance or affirmative defense. * * *"

No mention of contributory negligence is made in respondent's pleading. No amendment thereof was either requested or authorized. However, the court having stated in its order that respondent was contending, inter alia, that appellant was guilty of contributory negligence and having also stated that "This order supersedes all pleadings in the case" the order in effect constituted an amendment raising a new issue. Such new issue proved to be the controlling issue since the court granted the motion for dismissal on the ground "that plaintiff is guilty of contributory negligence as a matter of law and for that reason cannot recover."

In 5 Moore's Federal Practice, Second Edition, 326, the general rule is stated as follows:

"But if there has been no general demand and the amendment raises a new issue, then any party has the right to demand a jury trial as to the new issue, and should do so if the issue is triable to a jury and he desires it to be so tried; and the time within which the demand is to be made is computed from the time of service of the last pleading directed to the new issue."

In Munkacsy v. Warner Bros. Pictures, Inc., (D.C.N.Y.) 2 F.R.D. 380, the Court quotes with approval the following:

"The time within which such a demand may be served is not extended by the service of amended pleadings, (Rules 38 and 39; Buggeln & Smith, Inc., v. Standard Brands, Inc., [D.C.] S.D.N.Y., 27 F.Supp. 399) unless, of course, an amended pleading introduces new issues triable by a jury, and, as to the latter, the time within which a jury trial may be demanded would necessarily commence to run from the service of the amended pleading."

It is our view that the pre-trial conference order introduced a new issue into the action and respondent was entitled to ten days after the service of said order within which to make written demand for a trial by jury upon the issue of contributory negligence. (See I.R.C.P., Rule 38(b), supra.)

 Appellant contends that the court erred in requiring him to present his evidence on liability and then to rest on that issue before adducing all his evidence. We have heretofore recognized that the order of proof is subject to the control of the trial judge and in the absence of prejudice his rulings thereon will be upheld. Howay v. Howay, *74 Idaho 492, 264 P.2d 691*. No prejudice resulting from the court's action is here claimed by appellant.

Other assignments of error challenge the sufficiency of the evidence to sustain the order of dismissal. Since a new trial will be ordered, it is unnecessary to consider such other assignments.

The decision and order appealed from is reversed and the cause remanded for a new trial. Appellant shall have ten days after the filing of the remittitur within which to make demand pursuant to rule 38 (b) for a trial by jury. Costs to appellant.

SMITH, C. J., McQUADE and Mc-FADDEN, JJ., and RASMUSSEN, D. J., concur.