402 P.2d 394
403 P.2d 859

**ALLEN STEEL SUPPLY CO., Plaintiff-Respondent,**

v.

**Guy R. BRADLEY, Defendant-Appellant.**
**No. 9387.**

Supreme Court of Idaho.

May 20, 1965.

Rehearing Denied June 14, 1965.

Petition for Recall of Remittitur Denied July 23, 1965.

32

---

Vernon K. Smith, Boise, for appellant, C. H. Higer, Emmett, amicus curiae.

Clemons, Skiles & Green, Boise, for respondent, Allan G. Shepard, Atty. Gen., and Richard E. Weston, Asst. Atty. Gen., Boise, amicus curiae.

McFADDEN, Justice.

Respondent Allen Steel Supply Co., as plaintiff, instituted this action to recover a balance due for certain steel claimed to have been sold to appellant-defendant Guy R. Bradley. Judgment was entered for the respondent, from which judgment the appellant appeals.

Briefly the facts leading to this litigation are as follows: Appellant Bradley and one Kenneth Chattin, in September, 1961, entered into an agreement to sell certain supplies and materials including steel to Alpine Industries, for use in the construction of trailers. Bradley and Chattin contacted the respondent company concerning furnishing the steel. Bradley, a trucker, was well known to Loren Allen, president of respondent company, Bradley having over a period of years performed hauling services for the company.

As a result of the negotiations, respondent agreed to order the requisite steel from mills in Utah, with Bradley to take delivery of the steel on his trucks in Utah, and deliver the steel to Alpine Industries. Respondent was to receive $100.00 per load

over and above the cost of the steel. Orders for the steel were placed and periodic deliveries were made under such arrangement from October, 1961, through July, 1962.

Upon delivery of steel to Bradley's truck, the steel mill immediately billed respondent for the load. Immediately following, respondent then billed Mr. Bradley for the cost of the load, plus $100.00. The first four invoices were addressed to Mr. Bradley, at his home address; subsequent invoices were addressed to Mr. Bradley, at P. O. Box 1644, Boise, Idaho, the address of "Western Industrial Corporation" and other enterprises of Mr. Chattin. This change in address was made at appellant's request. The record is conflicting as to whether at the time appellant had the address changed, he also requested that the billing be changed from him individually to "Western Industrial Corporation." Appellant asserts he made such request, which statement is denied by employees of respondent. Nevertheless, respondent continued to bill Bradley, and not Western Industrial Corporation.

The payment for the first shipment of October, 1961, was by check written by Bradley on an account he and Chattin had opened with moneys borrowed from a bank. All subsequent payments were made out of the same account, but by check of "Western Industrial Corporation", and signed by either Bradley or Chattin.

All shipments were paid for, except the last three totaling $8,315.91, for which sum this action was instituted against Bradley individually. Appellant Bradley answered the complaint, denying he was indebted to respondent. In his answer he set out an affirmative defense and as a counter-claim alleged that he negotiated the purchase of the steel as an officer of Western Industrial Corporation, and that the steel was sold to such corporation and not to him individually; that the corporation became involved financially because of the insolvency of one of its debtors, and that by reason of wrongfully bringing action against him individually he was damaged in the amount of $6,000. At a pre-trial conference it was discovered that Western Industrial Corporation had not been incorporated until June, 1962, and Bradley withdrew his counter-claim for damages, but amended his answer by adding another affirmative defense. In this latter affirmative defense he alleged that respondent was estopped from denying it was contracting with "Western Industrial Corporation", because such organization was a de facto corporation, that respondent had been advised and informed such corporation would be formed, and further that subsequent to November 1, 1961, all payments made on the account were by such corporation.

After the pre-trial conference, appellant requested trial by jury for the first time. This demand was denied and the cause heard by the court sitting without a jury. The trial court entered findings of fact, conclusions of law and judgment for respondent. There is no dispute as to the amount involved, the only other question before the court being whether Bradley was individually liable for the amount due.

There are some twenty-four assignments of error; the twenty-fourth contains some fourteen sub-assignments of error directed to insufficiency of the evidence to sustain the judgment. For the purpose of this opinion these assignments of error have been grouped into three headings: (1) refusal of the trial court to admit certain exhibits offered by appellant, which were offered to prove that respondent was doing business with a de facto corporation; (2) insufficiency of the evidence; and (3) the invalidity of the Idaho Rules of Civil Procedure, and specially as to the invalidity of IRCP 16, dealing with pre-trial conferences, and IRCP 38(b) and (d) dealing with respondent's demand for a jury trial.

During the course of the trial appellant offered into evidence a certified copy of the bankruptcy file of Alpine Industries, Inc., including the claim of Western Industrial Corporation; appellant also offered deposit slips, cancelled checks, telephone bills, check book, invoices, bills, and statements, all of which showed use of the name "Western Industrial Corporation." The trial court refused to admit these exhibits into evidence. Appellant contends that these exhibits show that others treated the organization at least as a de facto corporation, and asserts that respondent was doing business with Western Industrial Corporation, as a de facto corporation.

In order to determine whether error was committed by refusal to admit these exhibits into evidence, under appellant's theory, it becomes necessary to examine the essential elements of a de facto corporation.

It is generally held that for an organization to be considered as a de facto corporation, the following essentials must be found to exist:

1. A valid law under which a corporation with the power assumed might be incorporated;

2. A bona fide attempt to organize a corporation under such law;

3. An actual exercise of corporate powers.

18 Am.Jur.2d 595, Corporations § 51; 8 Fletcher Private Corporations § 3777 p. 73 (Revised and Perm.Ed.1931). See also: Pickett v. Board of Commrs., 24 Idaho 200, 133 P. 112; Marshall-Wells Co. v. Kramlich, 46 Idaho 355, 267 P. 611.

I.C. § 30–108 requires the filing of articles of incorporation with the Secretary of State of the State of Idaho, and issuance by him of a certificate of incorporation; I.C. § 67–910 establishes the fees to be paid the Secretary of State for filing of articles of incorporation.

■ While there is a divergency of opinion as to whether failure to file articles of incorporation with the proper officials and to pay the necessary fee absolutely prohibits a de facto corporation from coming into existence, (Annot.: 22 A.L.R. 376, 37 A.L.R. 1319;) in Marshall-Wells Co. v. Kramlich, supra, this court has aligned itself with the line of authority holding that there can be no de facto corporation when articles of incorporation have not been filed; therein this court stated:

"The Leader Hardware Company, Limited, was not, at the time the guaranty was signed, even a corporation de facto, because it had not filed its articles of incorporation, or attempted to do so, as required by law. (Citations)"

■ In the instant action articles of incorporation were prepared in November, 1961, by an attorney acting for Bradley and Chattin, yet they were not filed with the Secretary of State until June 20, 1962, with certificate of incorporation being issued that date. Thus appellant's contention that Western Industrial Corporation was a de facto corporation is not correct.

I.C. § 30–110 provides:

"1. A corporation formed under this act shall not incur any debts or begin the transaction of any business, except such as is incidental to its organization, or to the obtaining of subscriptions to or the payment for its shares until a triplicate original of the articles of incorporation has been filed for record in the office of the county recorder as provided in section 30–108.

"2. If a corporation has transacted any business in violation of this section, the officers who participated therein and the directors, except those who dissented therefrom and caused their dissent to be filed at the time in the registered office of the corporation, or who, being absent, so filed their dissent upon learning of the action, shall be severally liable for the debts or liabilities of the corporation arising therefrom."

The record fails to disclose any compliance with I.C. § 30–110, by way of filing articles of incorporation with the county recorder; even if such had been done, it could only have been complied with after date of issuance of the certificate of incorporation.

■ Appellant was one of the organizers of the corporation. He could not be discharged from his liability under I.C. § 30–

110 as a corporate officer except by way of novation or estoppel.

As concerns novation or estoppel, the trial court entered the following finding of fact:

"Throughout the whole period, the defendant Bradley was the buyer of the steel and plaintiff at no time agreed to substitute another debtor for defendant, nor was plaintiff ever notified that defendant intended to do business as a corporation."

This finding is amply supported by the record. All billings and statements were made in the name of and directed to the appellant personally. The mere fact that the periodic bills were paid for by the checks of "Western Industrial Corporation", alone would not relieve the appellant from liability. Morton Marks and Sons v. Hill-Chase Steel Company, (Va.1954) 196 Va. 268, 83 S.E.2d 356.

The relationship of debtor and creditor having once been established between the respondent and the appellant, a new debtor cannot be substituted without the agreement of both parties. Exchange Lumber & Mfg. Co. v. Thomas, 71 Idaho 391, 233 P.2d 406; First National Bank in Evanston v. Sims, 78 Idaho 286, 301 P.2d 1103. "Mere knowledge and consent by the creditor that a third party assumed the debt will not release the original debtor.

It must appear that the creditor agrees to release the original debtor." Exchange Lumber & Mfg. Co. v. Thomas, supra.

For an estoppel to arise to bar respondent from denying it was doing business with Western Industrial Corporation (and not the appellant) it would have been essential that appellant prove all the essential elements of estoppel. Such elements have been discussed by this court in the case of Sullivan v. Mabey, 45 Idaho 595, 264 P. 233, as follows:

" * * * To constitute estoppel *in pais,* there must concur an admission, statement, or act inconsistent with the claim afterward asserted, action by the other party thereon, and injury to the other party. There can be no estoppel if either of these elements are wanting. They are each of equal importance."

The exhibits offered by appellant which were rejected by the court failed to go to the proof of any of the elements of estoppel. Principally they were instruments where other parties were shown to have done business with Western Industrial Corporation; they did not tend to show that respondent did business with anyone other than appellant. The offered exhibits did not tend to prove or disprove facts relevant to the issues presented by the pleadings, and the trial court did not err in refusing to admit them into evidence.

Appellant also argues that even if Bradley made the initial orders for the steel, the three shipments involved in this action were made after the date of incorporation. The record shows the date of incorporation was June 20, 1962; while the shipments involved in this case were made June 22, June 26, and July 13, 1962, nevertheless they were ordered prior to the date of incorporation. Exhibit 7 is a series of invoices of Columbia-Geneva Steel Division showing sale by it to respondent of the steel delivered to Bradley. This exhibit shows three separate customer's orders were placed to cover the shipments made. The first order was No. 870, dated 10–11–61, covering the first two shipments, the second, No. 876, dated 10–25–61, covering shipments from 11–20–61 to 4–9–62; the third, No. 898, dated 3–14–62, covering the last shipments between 4–24–62 and 7–9–62. Mr. Loren Allen, President of respondent, testified to the effect that steel orders had to be placed in advance of delivery dates, as the suppliers worked on quotas, and that it was necessary to give them "lead" times; that he and Mr. Bradley went out several times to place the orders with Mr. Corning, the sales representative of the steel supplier. This testimony is fully corroborated by data on respondent's exhibit 7. Nothing appears of record which would justify the conclusion that respondent was dealing with Bradley other than as an individual.

The final group of assignments of error deal with the issue of the validity of the Idaho Rules of Civil Procedure. Similar issues were presented in the case of R. E. W. Construction Co. v. The District Court of the Third Judicial District, Idaho, 400 P.2d 390. We adhere to that holding in the instant case.

Appellant argues that even if the Idaho Rules of Civil Procedure are valid, he was entitled to a jury trial as a matter of right, for he made a demand for a jury trial within ten days after amending his answer. He asserts that the trial court committed error in not allowing the issues of fact to be tried by a jury.

IRCP § 38(b) provides:

"Any party may demand a trial by jury of *any issue triable of right* by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than ten (10) days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party." (Emphasis added).

In Lehman v. Bair, 85 Idaho 59, 375 P.2d 714, this court held that a plaintiff was entitled to a period of ten days after service of a pre-trial order within which to make written demand for jury trial on the issue of contributory negligence, where no men-

tion had been made of contributory negligence in the defendant's answer or pre-trial statement, and the pre-trial order set out the defendant's contention that the plaintiff was guilty of contributory negligence. In discussion of the principles involved, this court quoted from 5 Moore, Federal Practice, § 3841, pg. 326, (2d ed. 1963), as follows:

"But if there has been no general demand and the amendment raises a *new issue,* then any party has the right to demand a jury trial as *to the new issue,* and should do so if the *issue is triable to a jury* and he desires it to be so tried; and the time within which the demand is to be made is computed from the time of service of the last pleading directed to the new issue." (Emphasis added)

 If there has been a waiver of a jury trial by reason of failure timely to demand the same as required by IRCP 38(b), and a subsequent pleading raises a new issue triable by jury, the right to trial by jury is limited to the new issue so raised. 2B Barron and Holtzoff, Federal Practice and Procedure § 878 p. 52; Lehman v. Bair, supra. However, IRCP 38(d) imposes a restriction on the right to jury trial on such new issue presented by the amended pleading when it provides: "A waiver of trial by jury is not revoked by an amendment of a pleading asserting only a claim or defense arising out of the conduct, transaction, or occurrence

set forth or attempted to be set forth in the original pleading."

 In the instant case, the respondent filed its complaint October 17, 1962. Appellant's "answer and counter-claim" was filed December 11, 1962, the allegations of which were generally denied by the respondent's reply thereto filed March 26, 1963.

Appellant by his answer and counter-claim, admitted respondent's corporate existence and that it was conducting the business of preparing and selling prefabricated steel products in Boise, Ada County, Idaho. Appellant then denied respondent's allegation that appellant was indebted to respondent in the amount of $8,315.91 for goods sold and delivered. As an affirmative defense and counter-claim, appellant in essence alleged that Western Industrial Corporation was a duly organized and existing corporation of the State of Idaho engaged in the business of purchasing, fabricating and re-selling steel; that Bradley was an officer, director and employee of such corporation, and in that capacity he negotiated with respondent for the purchase of steel to be sold to such corporation; that the corporation bought the steel and that respondent was well aware of and knew the steel was being purchased by the corporation and paid for by it, and not being purchased or paid for by Bradley; that during June, 1962, the corporation became financially involved because one of its debtors became insolvent so

that the corporation could not pay for the last month's purchase of steel, but that the respondent nevertheless wrongfully instituted the present suit to his damage.

A pre-trial conference was held April 24th, 1963, with the order being filed May 3, 1963. At the time of the conference appellant withdrew his counter-claim for damages and presented a second affirmative defendant as an amendment to his answer. Thereafter, and before the filing of the order, appellant filed a demand for jury trial of the issues presented.

By the pre-trial order appellant's answer was amended setting forth a second affirmative defense alleging the execution by Bradley and Chattin of articles of incorporation; that Bradley believed they had been filed with the office of the Secretary of State and County Recorder of Ada County; that pursuant to such acts the Western Industrial Corporation commenced to and did act as a corporation; that respondent was advised of such intended corporation and all dealings between the respondent and purchaser were with a de facto corporation; that all payments of steel were paid upon checks of said corporation, and by reason thereof respondent was estopped from denying its business transactions were with such corporation.

The question is thus presented, whether this amendment arose out of the "conduct, transaction, or occurrence set forth or attempted to be set forth in the original plead-ing", for if it did, then the waiver of trial by jury by reason of failure timely to present a demand for jury trial was not revoked. IRCP 38(d). It is our conclusion that the factual presentations were the same. The allegations of the answer that respondent did business with Western Industrial Corporation, are commensurate with the allegations of the amendment that respondent did business with Western Industrial Corporation, a de facto corporation and thus failed to revoke the waiver of trial of issues by jury. IRCP 38(d).

In R. E. W. Construction v. The District Court of the Third Judicial District, Idaho, 400 P.2d 390, it was stated: "It is essential, that upon a request for trial of issues by a jury, even after the time for demand for jury has elapsed, that the trial court liberally exercise its discretion in this regard to carry out the designed purpose of the Idaho Rules of Civil Procedure." As previously pointed out, the first demand for jury trial was not made until at least after the pre-trial conference was held April 24, 1963, some four months after the original answer and counterclaim were filed. If appellant's demand be considered as an application to the trial court to exercise its discretionary authority and grant a jury trial, not as a matter of right, but as a matter of exercise of its discretion, this will be unavailing for appellant. Even had a jury been empaneled, the facts presented to the

trial court in this cause were insufficient to have sustained any verdict a jury might have returned for appellant on his affirmative defence; hence no prejudicial error appears in the trial court's refusal to grant a jury trial. 2B Barron and Holtzoff, Federal Practice and Procedure § 892, p. 75 (Rules Ed. 1961); 5 Moore, Federal Practice § 39.09, p. 713 (2d ed. 1963).

Judgment affirmed.

Costs to respondent.

McQUADE, C. J., and TAYLOR and SMITH, JJ., concur.

KNUDSON, Justice (dissenting).

The portion of this opinion with which I do not agree is the conclusion that appellant was not entitled to a jury trial.

The record discloses that on April 1, 1963, the trial court fixed April 24, 1963 as the date upon which a pretrial conference would be held. At said conference appellant's answer was amended by adding a second affirmative defense and appellant also at that time demanded a jury trial. Appellant states that the court at that time indicated that a jury trial would not be granted and appellant thereafter on May 1, 1963, filed a written demand for a jury trial.

The pretrial order was filed May 3, 1963, wherein it was stated that defendant's answer had been amended by alleging a second affirmative defense, the allegations of which were set out in haec verba. The order also stated that the case had been set for trial to commence at 10:00 a. m. May 24, 1963, "before the court." Appellant filed objection to the setting as stated in the pretrial order and at the same time again requested a jury trial. Trial was commenced May 24, 1963, before the court sitting without a jury.

The amendment constituting the second affirmative defense which was permitted and made at the pretrial conference alleged and set up the defense of estoppel which in fact created a new jury issue. This court has repeatedly held that a defense of estoppel must be pleaded with certainty and particularity. Neitzel v. Lawrence, 40 Idaho 26, 231 P. 423; Jackson v. Lee, 47 Idaho 589, 277 P. 548. Since such defense had not been mentioned in the prior pleadings in this case, I contend that the amendment created a new issue and that the rule stated and followed in Lehman v. Bair, 85 Idaho 59, 375 P.2d 714, should here be applied.

I consider it to be of equal importance that this court require compliance with its pronouncement made in R. E. W. Construction Co. v. The District Court of the Third Judicial District, Idaho, 400 P.2d 390, wherein it is stated:

"It is essential, that upon a request for trial of issues by a jury, even after the time for demand for jury has elapsed, that the trial court liberally exercise its discretion in this regard to carry out the

42

designed purpose of the Idaho Rules of Civil Procedure."

The foregoing is also quoted in the majority opinion, but I am unable to reconcile its provisions with the decision arrived at.

The majority opinion attempts to justify the court's refusal to grant the request upon the theory that the factual presentations in the original pleadings were the same as alleged in the amendment referred to and consequently the waiver of a trial by jury was not revoked by the amendment, as provided by I.R.C.P. 38(d). I disagree with such theory and I contend that even though it be conceded to be correct, it would not justify the refusal involved. The pronouncement above quoted in substance directs a trial court to liberally exercise its discretion in granting a request for a trial by jury *even after the time within which an enforceable demand has elapsed.*

It is uncontradicted that request for a jury trial was made during the pretrial conference which was held before any date of trial had been fixed and it was in fact made one month prior to the date which was thereafter set for trial. The question of whether appellant was entitled to a jury trial has been recognized as one of the principal issues throughout this case and it must be assumed that the record before us discloses the pertinent facts relating thereto. In this record I am unable to find where any justifiable reason has been given or mentioned for

denying the request for a jury trial. There is no showing of a claim on the part of anyone connected with the case that the granting of such request would in any respect prejudice or even inconvenience them, in fact I do not find any showing that respondent or anyone else even resisted the request. Under these circumstances I cannot escape the conclusion that the request was denied without substantial cause. Consequently to me, the effect of the foregoing decision is to delete the words "it is essential" from the pronouncement made by this court hereinbefore quoted and referred to, whereas it is my view that compliance therewith should be required. The request for a jury trial should have been granted.

Since writing the foregoing portion of this dissent the majority opinion has been amended to state that even had a jury been empaneled, the facts presented to the trial court in this cause were insufficient to have sustained any verdict a jury might have returned for appellant on his affirmative defense. This conclusion does not, in my opinion, justify the denial of a jury trial. Disregarding the affirmative defense alleged, the record clearly discloses that appellant's answer to respondent's complaint specifically denies that appellant is indebted to respondent in any amount. The record is replete with testimony on the part of appellant to the effect that the purchases which are the subject of this action were not made by appellant as an individual and respondent knew

and understood that appellant was not to be individually liable for such purchases.

Notwithstanding the fact that appellant may not be entitled to recover under his affirmative defense, if a jury had believed appellant, which they would have been entitled to do, surely it cannot be said that a verdict in favor of appellant on his denial of liability would not have been sustained by competent evidence. The jury, as the trier of fact, would have determined the credibility of the witnesses and the weight to be given their testimony. It would be pure speculation to assume that a jury would have found exactly as the trial court regarding the testimony submitted.

On Petition for Recall of Remittitur

McFADDEN, Justice.

Appellant heretofore petitioned for rehearing of this cause, which petition was denied; thereafter, appellant petitioned for recall of the remittitur, asserting that there is an irreconcilable conflict between the authority of the legislature and of this court to promulgate rules of procedure in the courts of this state. The issue presented was considered by this court not only in the instant cause, but also in R. E. W. Const. Co. v. District Court of Third Jud. Dist., 88 Idaho 426, 400 P.2d 390. Because of its importance to the members of the bench and bar and to litigants, this issue has again been examined.

The legislature enacted I.C. § 1–212 to § 1–215 incl., in 1941 (S.L.1941, Ch. 90), which act recognizes the inherent power of the Supreme Court to make rules governing procedure in all courts of this state, and that:

"Such rules, when adopted by the said Supreme Court shall take effect six months after their promulgation and thereafter all laws in conflict therewith shall be of no further force or effect."

This Court adopted the Idaho Rules of Civil Procedure, and § 86 thereof provides:

"These rules shall take effect on November 1st, 1958, and thereafter all laws and rules of Civil Procedure in conflict therewith shall be of no further force or effect. * * *"

(Note, however, the exception provided by I.R.C.P. 81(a) as to special statutory proceedings.)

In the case of State ex rel. Blood v. Gibson Circuit Court (1959), 239 Ind. 394, 157 N.E.2d 475, the Supreme Court of Indiana was faced with a similar problem of whether the legislature still had rule making power after it had enacted a statute similar to S.L.1941, Ch. 90. There that court in language most appropriate here stated:

"In order to remove any conflict which would inevitably result from

both the Legislature and the Supreme Court promulgating rules of procedure, and to fix responsibility therefor exclusively in the Supreme Court, the Legislature enacted § 1, ch. 91 of the Acts of 1937, being § 2–4718, Burns' 1946 Replacement, which provides, in pertinent part, as follows:

'The Supreme Court shall have the power to adopt, amend and rescind rules of court which shall govern and control practice and procedure in all the courts of this state; such rules to be promulgated and to take effect under such rules as the Supreme Court shall adopt, and thereafter all laws in conflict therewith shall be of no further force or effect.'

"By the enactment of this statute the Legislature surrendered and abandoned any rights it might have had under Art. 7, § 4, of the Constitution of Indiana, to impose 'regulations and restrictions' upon the jurisdiction of the Supreme Court with respect to 'rules of court which shall govern and control practice and procedure in all the courts of this state.' Such statute also conferred upon the Supreme Court the power to adopt, amend and rescind rules of court governing and controlling practice and procedure in all courts of the State, and provided that after promulgation of such rules

by this court 'all laws in conflict therewith shall be of no further force or effect.' "

 It is our conclusion that the result reached by the Supreme Court of Indiana in State ex rel. Blood v. Gibson Circuit Court, supra, is correct. By S.L.1941, Ch. 90, the legislature abdicated the rule making power, which is neither exclusively a legislative nor a judicial power.

 Finally appellant in essence contends that Idaho Const. Art. 1, § 7, requires that the waiver of a jury trial in a civil action can be accomplished only by the consent of the parties in a manner as may be prescribed by law; that the phrase as "prescribed by law" means as prescribed by the legislature, and hence I.R.C.P. 38(d) is ineffective to abrogate the provisions of what was formerly I.C. § 10–301. This, however, is not the case. The method of waiving of a jury trial is recognized as a procedural matter. State ex rel. Sowle v. Brittich (1959), 7 Wis.2d 353, 96 N.W.2d 337; Hayworth v. Bromwell (1959), 239 Ind. 430, 158 N.E.2d 285; Englehardt v. Bell & Howell Co. (C.C.A.8 1962) 299 F.2d 480. The method of expressing consent to waiver of a jury trial being procedural, it follows that under the provisions of I.C. § 1–215, the Supreme Court in enacting I.R.C.P. 38(d) effectively superceded and abrogated the provisions of what was formerly I.C. § 10–

301, and it was done in accordance with law by the legislature enacting S.L.1941, Ch. 90, now I.C. §§ 1–212 to 1–215 incl.

The petition to withdraw remittitur is denied.

McQUADE, C. J., and TAYLOR and SMITH, JJ., concur.

KNUDSON, J., adheres to opinions previously expressed.