JON HARVEY PERSONNEL OF NASSAU, INC., A CORPORATION, PLAINTIFF-APPELLANT, v. CASIO, INC., A NEW JERSEY CORPORATION, AND TOYOMENKA (AMERICA) INC., A NEW JERSEY CORPORATION, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued March 22, 1977—Decided April 4, 1977.

Before Judges LORA, CRANE and MICHELS.

*Mr. Dennis Alan Cipriano* argued the cause for appellant (*Mr. Stanley F. Friedman* on the brief).

*Mr. Adrian M. Unger* argued the cause for respondents (*Messrs. Milton M.* and *Adrian M. Unger,* attorneys; *Mr. Jack J. Stecher* on the brief).

PER CURIAM. Plaintiff, a New York corporation, brought an action to recover damages arising out of its alleged re-

ferral of an executive employee to defendants. Following a nonjury trial judgment was entered against plaintiff and in favor of defendants.

The sole ground of appeal is that the judge who presided at the pretrial conference erred when he refused to grant plaintiff's motion made at the conference for a jury trial. No demand for a jury trial had previously been made by either plaintiff or defendants. At the pretrial conference defendants were granted leave to amend their answer to assert three additional defenses which had been set forth in their pretrial memorandum. The additional defenses were incorporated in the pretrial order over plaintiff's objection. Plaintiff then moved for a jury trial but its request was denied.

■ Under the prevailing weight of authority, if the additional defenses raised new issues triable as of right to a jury, that is to say, issues other than those for which trial by jury had previously been waived, plaintiff was entitled to trial by jury as to those issues. *Williams v. Farmers and Merchants Ins. Co.,* 457 *F.* 2d 37 (8 Cir. 1972) ; *Lehman v. Bair,* 85 *Idaho* 59, 375 *P.* 2d 714 (1962). Compare *Affron Fuel Oil v. Firemen's Ins. Co. of Newark,* 143 *F. Supp.* 38 (S. D. N. Y. 1955), with *Ward v. Brown,* 301 *F.* 2d 445 (10 Cir. 1962). *Cf. Hollembaek v. Alaska Rural Rehab. Corp.,* 447 *P.* 2d 67 (Alaska Sup. Ct. 1968) ; *Associated Metals Corp. v. Dixon,* 52 *N. J. Super.* 143 (Ch. Div. 1958), mod. 82 *N. J. Super.* 281, 299 (App. Div. 1964). See also, Annotation, "Withdrawal or disregard of waiver of jury trial in civil action," 64 *A. L. R.* 2d 506 (1959).

■ Plaintiff's waiver of trial by jury of the issues raised in the complaint and answer did not effect a waiver of that right in regard to any new issues raised in the amended answer which were triable as of right to a jury. This, consistent with *Vonella v. Northern Assur. Co.,* 61 *N. J. Super.* 348, 353 (Law Div. 1960), in which it is stated that

* * * [t]he evident purpose of [*R.* 4:35-1] is to enable a party, after he knows he has before him all of the pleadings relating to the

issues, or any particular issue, to decide whether he desires to avail himself of his constitutional right to trial by jury, or whether he desires to waive it.

Accordingly, the question for our determination is whether the amended answer raised any new issues triable as of right to a jury.

The answer initially filed by defendants consisted of a general denial, and by way of separate defenses defendants alleged that (1) the corporate defendants were separate entities, (2) the claim alleged against both defendants was inconsistent and (3) plaintiff had failed to state a claim upon which relief could be granted.

The three additional separate defenses raised questions with respect to the applicability of New York law to the transaction involved. The first and second added defenses asserted that plaintiff was barred from charging a fee without a written contract therefor pursuant to New York General Business Law § 185, and the amount sued for was grossly in excess of the fee ceiling permitted under that statute. The record reveals that the trial judge rejected these two defenses, finding that the New York statute did not require a written contract with an employer (as distinguished from a job applicant) and did not limit the fees that might be charged to an employer for placement of a Class B employee at an annual salary of over $9,000, where the applicant was not charged a fee. Rather, the fee in such case was to be determined by agreement between the employer and the employment agency.

The third additional defense asserted that plaintiff was prohibited under § 187(4) of the New York General Business Law from directing an applicant to an employer without having first obtained a bona fide order therefor, and that neither defendant gave a bona fide order to plaintiff or requested of plaintiff that they regularly be accorded interviews with applicants of certain qualifications. The trial judge found that plaintiff did not send the employee in question to defendants in violation of § 187(4), and since the employee

received employment from defendants there would not have been any penalty under this section even if plaintiff had in fact sent the employee to defendants. (§187(4) provides that any applicant who is referred to an employer contrary to these provisions of the statute and fails to obtain employment thereby, shall be reimbursed by the agency for all ordinary and necessary travel expenses incurred by the applicant as a result of such referral.) The trial judge held this section of the New York law was for the protection of prospective employees, and a violation of this section did not deprive an employment agency of its right to collect a placement fee from an employer for a Class B employee whose annual salary exceeded $9,000. He concluded that plaintiff's claim was not barred by the provisions of the New York General Business Law, § 170 et seq.

However, notwithstanding the aforesaid amendments, the primary issues raised by the complaint and answers were and remained the same — whether there was a contract, what did the parties agree, whether there was a breach of contract, did defendants request plaintiff to procure an employee for them and agree to pay plaintiff a fee therefor, did plaintiff render services, provide information and procure an employee for defendants. The trial judge decided these issues, for which a jury had been waived, against plaintiff.

In light of all of the foregoing, we are of the view the pretrial judge did not err in denying plaintiff's demand for a jury trial. The amendments to the answer did not change in any substantial way the nature of the case. Moreover, the amendments insofar as plaintiff employment agency was concerned involved questions of law which plaintiff was not entitled to have decided by a jury. In any event, if there was error in the pretrial judge's denial of plaintiff's jury demand, it was harmless error since the issues raised by defendant's additional defenses were all resolved in plaintiff's favor.

Affirmed.