**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39408**

| | |
|---|---|
| **MEDICAL RECOVERY SERVICES, LLC,** ) | |
| ) | **2013 Opinion No. 4** |
| **Plaintiff-Respondent,** ) | |
| ) | **Filed: January 18, 2013** |
| **v.** ) | |
| ) | **Stephen W. Kenyon, Clerk** |
| **BONNEVILLE BILLING AND** ) | |
| **COLLECTIONS, INC.,** ) | |
| ) | |
| **Defendant-Appellant.** ) | |
| ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Dane H. Watkins, Jr., District Judge. Hon. Linda J. Cook, Magistrate.

Order of the district court, on intermediate appeal from the magistrate, vacating award of summary judgment, <u>reversed</u>.

Todd R. Erikson, Idaho Falls, for appellant.

Smith, Driscoll & Associates, PLLC, Idaho Falls, for respondent. Bryan N. Zollinger argued.

———————————————————————

MELANSON, Judge

Bonneville Billing and Collections, Inc. (BBC) appeals from the district court's order, on intermediate appeal, vacating the magistrate's award of summary judgment in BBC's favor. For the reasons set forth below, we reverse and reinstate the judgment of the magistrate.

**I.**

**FACTS AND PROCEDURE**

BBC is a collection agency which had outstanding accounts for a debtor. Medical Recovery Services (MRS) is also a collection agency and had outstanding accounts for the same debtor. In the summer of 2008, BBC received three checks from the debtor's employer, payable to BBC, for a total amount of $1,083.21. Because BBC had an open account against the debtor, it assumed that a voluntary wage assignment had occurred in which the debtor would pay off the amount owed. Unbeknownst to BBC at the time, these checks were mailed in error and were

1

intended to be sent to the Bonneville County Sheriff's Office in accordance with a continuing garnishment of wages obtained by MRS. When MRS became aware of the mistaken payment, it contacted BBC and demanded that such funds be turned over to MRS. BBC refused to do so, and MRS subsequently brought suit, alleging conversion and unjust enrichment. MRS also discontinued the garnishment against the debtor, despite an outstanding balance in addition to the mistaken payments. Both parties moved for summary judgment. The magistrate granted BBC's motion and denied MRS's motion. Following summary judgment, the magistrate also awarded attorney fees to BBC. MRS appealed to the district court, which reversed the magistrate on the grounds that BBC unlawfully converted MRS's property and that BBC was unjustly enriched at MRS's expense. BBC appeals.

## II.

## STANDARD OF REVIEW

On review of a decision of the district court, rendered in its appellate capacity, we review the decision of the district court directly. *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008). When reviewing an order for summary judgment, this Court applies the same standard of review that was used by the trial court in ruling on the motion for summary judgment. *Vreeken v. Lockwood Eng'g, B.V.,* 148 Idaho 89, 101, 218 P.3d 1150, 1162 (2009).

Summary judgment under I.R.C.P. 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). When assessing a motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party. Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion. *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint Sch. Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994).

## III.

## ANALYSIS

### A. Conversion

BBC argues that the district erred by vacating the magistrate's award of judgment in favor of BBC on the conversion claim. BBC asserts the checks in possession of BBC were not

2

the legal property of MRS, either because no lien ever attached under the garnishment statutes or, after the employer mailed them to BBC instead of the sheriff's office, any existing lien was extinguished. MRS contends that, because it had a continuing garnishment on the debtor's wages, it possessed a lien on the checks enabling it to maintain an action for conversion.

Generally, conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial or inconsistent with his or her rights therein depriving him or her of possession, permanently or for an indefinite time. *Schlieff v. Bistline,* 52 Idaho 353, 357, 15 P.2d 726, 728 (1932). An action for conversion arises at the moment such property is wrongfully taken or converted. *Peasley Transfer & Storage Co. v. Smith,* 132 Idaho 732, 743, 979 P.2d 605, 616 (1999). Intent is not a necessary element for conversion--all which is required is that the defendant exercised dominion or control over the property of another. *Id.* However, in such cases where the defendant is unaware of the rights with which he or she is interfering, a proper demand for possession by the owner must be made, followed by the possessor wrongfully refusing delivery. *Id.* at 743-44, 979 P.2d at 616-17. Actual possession of the property by the owner is not necessary; all that is required is either title to the property or a "right to possess the property at the time of the conversion." *W. Idaho Prod. Credit Ass'n v. Simplot Feed Lots, Inc.,* 106 Idaho 260, 262, 678 P.2d 52, 54 (1984). Last, in certain circumstances, a lien on tangible property will suffice as a right to possess the property. *Forbush v. San Diego Fruit & Produce Co.,* 46 Idaho 231, 243, 266 P. 659, 662 (1928) (holding a chattel mortgagee, who possessed a lien interest on a crop without title, could maintain a conversion action due to a qualified right of ownership).

Garnishment is the attachment by a creditor/garnishor of a debtor's property that is in the hands of a third party--the garnishee. *Eagleson v. Rubin,* 16 Idaho 92, 100, 100 P. 765, 767 (1909). When service is made by the method provided for in the garnishment statute, a lien is acquired on the debtor's title to the property in the hands of the garnishee. *Sullivan v. Mabey*, 45 Idaho 595, 602, 264 P. 233, 236 (1928). The property at issue in this case is an intangible--an obligation upon the employer to pay wages earned by the debtor/employee to MRS. The checks which both parties put so much emphasis on, written by the employer to BBC, did not affect the

3

independent obligation that the employer owed to MRS to satisfy the garnishment.[1]  Likewise, the mistaken payment to BBC was not authorized on behalf of the employee and, therefore, did not affect the employer's obligation to the employee.  The employer's mistaken payment was that of its own money, to its own detriment, and did not affect its obligations under the garnishment.  Certainly MRS could not contend that a payment by the employer to any one of its creditors was made with specific funds intended to satisfy the garnishment.  Likewise, if the employer had decided to make a gratuitous payment to BBC, MRS would have no basis to claim a right to such funds.  Simply put, MRS lost nothing by the employer mistakenly paying three checks of its own money to BBC.

MRS contends that, under I.C. § 8-509(b), it could have faced liability if it continued the garnishment past the amount owed on the judgment.  This statute provides that "the creditor shall be solely responsible for insuring that the amounts garnished do not exceed the amount due on the judgment."  I.C. § 8-509(b).  However, this statute has no application in this situation.  Here, the employer never fulfilled its obligation on the original garnishment and, therefore, MRS had every right to continue to seek payment from the employer under the garnishment.  Continuing the garnishment in these circumstances would not have been at odds with I.C. § 8-509(b).

Thus, MRS had no right to possess the checks, nor any lien interest in the checks themselves.  The lien MRS held was that over an intangible obligation and MRS cannot sustain a conversion claim against BBC.  Therefore, the district court erred in reversing the magistrate as to the cause of action for conversion.

## B.    Unjust Enrichment

BBC argues that the district court erred by vacating the magistrate's judgment in favor of BBC on the unjust enrichment claim.  BBC asserts MRS had an adequate remedy under the law--a claim against the employer under the garnishment statutes--and the district court therefore erred in considering MRS's equitable claim.  BBC also argues that MRS did not confer any benefit upon BBC and cannot claim unjust enrichment.  We agree with BBC that the district court erred in holding MRS could recover on an unjust enrichment claim.

---

[1]    Indeed, MRS acknowledged at oral argument that MRS did, at one time, have a valid claim against the employer in this case.

To recover for unjust enrichment, it is required that the *claimant* confer some benefit on the defendant which would be unjust for the defendant to retain. *Beco Constr. Co., Inc. v. Bannock Paving Co., Inc.*, 118 Idaho 463, 467, 797 P.2d 863, 867 (1990). Given the analysis above, MRS has not conferred any benefit on BBC in this case because the employer sent a mistaken payment of its own funds to BBC. Therefore, the district court erred in vacating the magistrate's grant of summary judgment in favor of BBC on the unjust enrichment claim.

## C.     Attorney Fees

The district court erred by vacating the magistrate's grant of summary judgment in favor of BBC on the conversion claim and also on the claim for unjust enrichment. The district court also erred by vacating the award of attorney fees granted to BBC by the magistrate pursuant to I.C. §§ 12-120 and 12-121. Further, the district court erred in remanding for pre-appeal attorney fees in favor of MRS and in awarding attorney fees to MRS on appeal to the district court because the magistrate correctly granted summary judgment in favor of BBC on both claims. Thus, the magistrate's grant of attorney fees in favor of BBC is reinstated, and the district court's award of attorney fees in favor of MRS is vacated.

BBC is the prevailing party and seeks attorney fees under I.C. § 12-120(1) and I.A.R. 41. Because the amount pleaded is less than $25,000, we award attorney fees to BBC.

### IV.

### CONCLUSION

MRS had a lien on an intangible obligation that was in no way affected by the employer's payment of the checks to BBC. MRS did not have any right, by lien or otherwise, to possess the checks and could not maintain an action for conversion. Further, MRS conferred no benefit on BBC when the employer sent checks of its own funds to BBC. Thus, the district court erred in vacating the magistrate's grant of summary judgment in favor of BBC on the conversion and unjust enrichment claims. We reverse the district court's vacation of summary judgment on the conversion claim and the unjust enrichment claim. Attorney fees awarded by the magistrate in favor of BBC are reinstated. Costs and attorney fees are awarded to BBC.

Chief Judge GUTIERREZ and Judge LANSING, **CONCUR.**

5